■ In the Matter of CARMEN PORTUGAL, Petitioner, v ARTHUR Y. WEBB, as Acting Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to, *inter alia,* review a determination of the respondent State Commissioner of Social Services, dated May 5, 1981 and made after a statutory fair hearing, which affirmed a determination of the respondent county commissioner reducing petitioner's grant of public assistance by changing her category of assistance from aid to families with dependent children (ADC) to home relief (HR). Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. At the outset, we note that this proceeding was

improperly transferred to this court pursuant to CPLR 7804 (subd [g]), as the petition does not allege that the determination of the respondent State commissioner is not supported by substantial evidence (CPLR 7803, subd 4). Rather, petitioner contends that such determination was arbitrary and capricious and contrary to law (CPLR 7803, subd 3). Nevertheless, this court will retain jurisdiction for the purpose of deciding the case on the merits (see *Matter of 125 Bar Corp. v State Liq. Auth.*, 24 NY2d 174, 180; *Matter of Patterson v Blum*, 86 AD2d 893; *Matter of Matthews v D'Elia*, 49 AD2d 880). Petitioner's only child (a son) was involuntarily removed from her home and placed in a residential institution (St. Christopher's School in Dobbs Ferry, N. Y.) pursuant to an order of the Family Court, Westchester County, dated July 16, 1980, adjudicating the child to be a person in need of supervision. The initial placement was for a period of 18 months, but it has already been extended once and is subject to further extensions of one year until the child reaches 18 years of age (Family Ct Act, § 756, subds [b], [c]). However, it is undisputed that the child is permitted to return home on alternative weekends and on holidays for visits with his mother, who continues to reside in the same one-bedroom apartment which she occupied with her son prior to his placement. Based on her son's absence, the county commissioner determined to reduce the petitioner's shelter allowance and change the category of her assistance from aid to families with dependent children (ADC) to home relief (HR), but agreed, *inter alia,* to provide the petitioner with a special pro rata grant in order to cover the increased costs associated with her son's visits. The State commissioner affirmed the determination of the county commissioner following a fair hearing, whereupon the instant proceeding was commenced. The determination of the State commissioner must be confirmed and the proceeding dismissed on the merits. In our view, the State commissioner did not act illegally or arbitrarily in concluding that the involuntary placement of petitioner's son in a residential institution for an indefinite period of time did not constitute a "[t]emporary absence" from the home within the meaning of 18 NYCRR 369.4 (c). This is not a case involving a regularly enrolled student whose absence from home has been regarded as temporary (see 18 NYCRR 352.30 [a]), but rather is a situation involving the involuntary placement of a person in need of supervision at a residential facility where all of his basic needs are being, and will continue to be, met at county expense for an indefinite period of time. Moreover, during the period of the child's institutional confinement he may not be regarded as coming regularly under the petitioner's "care and control", and is therefore ineligible for inclusion in ADC (see 18 NYCRR 369.2 [f]; 369.3 [d] [2] [iii] [*d*]; see, also, US Code, tit 42, § 606, subd [a], par [1]; 45 CFR 233.90 [c] [1] [v] [B]; *Brunner v State of Minnesota Dept. of Public Welfare,* 285 NW2d 74 [Minn]; cf. *McCarthy v Commissioner of Public Welfare,* 396 NE2d 159 [Mass]; *Matter of Chrystol B.,* 104 Misc 2d 888). Damiani, J. P., Lazer, Gulotta and Bracken, JJ., concur.