■ STEPHEN THURMAN et al., Petitioners, v RICHARD V. HOLAHAN et al., Constituting the Planning Board of the Town of Huntington, Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Planning Board of the Town of Huntington, dated August 8, 1984, which disapproved the petitioners' preliminary subdivision plat.

Justice Niehoff has been substituted for the late Justice Gibbons (see, 22 NYCRR 670.2 [c]).

Adjudged that the petition is granted and the determination is annulled, on the law, with costs, and within 30 days of service upon them of a copy of the order to be made hereon, with notice of entry, the respondents are directed to approve the petitioners' preliminary subdivision plat.

This matter was improperly transferred to this court by the Supreme Court, Suffolk County, pursuant to CPLR 7804 (g), since the petition does not allege that the respondents' determination is not supported by substantial evidence (see, CPLR 7803 [4]), but instead contends that the determination was arbitrary, capricious, and contrary to law (see, Matter of Portugal v Webb, 91 AD2d 997, 998). We nevertheless shall retain jurisdiction for the purpose of deciding the case on the merits (see, Matter of Portugal v Webb, supra).

The petitioners propose to subdivide their 2.066-acre plot of land into two parcels and build a new house on one of these parcels in addition to the house which already stands on the other parcel. Since the petitioners' land is located in a zoning district of the Town of Huntington, in which the town's Building Zoning Ordinance requires a minimum lot area of two acres for a single-family residence (see, Huntington Town Code § 198-13), the petitioners sought two variances from the

Town Zoning Board of Appeals. The Zoning Board of Appeals granted these variances, thereby, in effect, determining that the petitioners' proposed project was permitted because it sufficiently conformed with the Town Zoning Ordinance. Thereafter, the petitioners submitted a preliminary subdivision plot to the Town Planning Board. The Board disapproved the plat based upon findings to the effect that the proposed development did not sufficiently conform with the Town Zoning Ordinance. The issue of conformity with zoning regulations is within the primary jurisdiction of the Town Zoning Board (see, Town Law § 267 [5]; Matter of Cohalan v Schermerhorn, 77 Misc 2d 23, 28). Consequently, after the Zoning Board made its determinations on the petitioners' applications, it was improper for the Planning Board to reconsider the issue of conformity with the Zoning Ordinance, especially since the Zoning Board's determination had not been challenged directly by means of a CPLR article 78 proceeding (see, Matter of Cohalan v Schermerhorn, supra). As the Planning Board's determination was based exclusively upon findings concerning the alleged nonconformity of the petitioners' preliminary subdivision plat with the Town Zoning Ordinance, which findings were not within the Planning Board's proper jurisdiction to make, that determination is annulled as contrary to law, and the Planning Board is directed to approve the petitioner's preliminary subdivision plat (cf. Matter of Currier v Planning Bd., 74 AD2d 872, affd 52 NY2d 722). Thompson, J. P., Niehoff, Eiber and Spatt, JJ., concur.