■ WILLIAM D. CRAM et al., Appellants, v TOWN OF GENEVA et al., Respondents.—Order unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: This matter, commenced as a CPLR article 78 proceeding, was improperly transferred to us and was therefore remitted to Supreme Court for conversion to a declaratory judgment action and determination (Matter of Cram v Town of Geneva, 182 AD2d 1102). Plaintiffs now appeal from an order dismissing their action seeking a declaratory judgment that the enactment of Ordinance No. 90-1 by the Town of Geneva is invalid. That ordinance, enacted on the application of defendants Robert and Nancy Golden, rezoned a parcel known as the Belhurst Castle property from R-1 residential to B-1 business.

In enacting Ordinance No. 90-1, the Town Board imposed certain conditions limiting the use of the Belhurst Castle property. In appropriate circumstances, a change in zoning may be subject to reasonable conditions and restrictions related to and incidental to the use of the property and designed

to minimize any adverse impact on the surrounding area *(see, Matter of St. Onge v Donovan,* 71 NY2d 507, 515-516; *see also, Matter of Dexter v Town Bd.,* 36 NY2d 102, 105). The conditions and restrictions imposed by Ordinance No. 90-1 were related to the use of the Belhurst Castle property, were reasonably calculated to minimize any adverse impact on the surrounding residential area and provide no basis to annul the determination of the Town Board. Accordingly, we reject petitioners' contentions that the enactment of the ordinance was unlawful contract zoning and was contrary to Town Law §§ 262, 263 and 268.

We also reject petitioners' contention that the subject ordinance should be annulled on the ground that the Town Board failed to take a hard look at the environmental impact of the proposed change, as required by the State Environmental Quality Review Act (SEQRA), before issuing a negative declaration *(see,* ECL 8-0109 [2], [4]; 6 NYCRR 617.2 [v]; 617.6 [g]). Our review of the Town Board's negative declaration is limited to determining whether it was made in accordance with lawful procedure and whether, substantively, the Town Board identified the relevant areas of concern, took a hard look at those concerns and gave a reasoned elaboration of the basis of its determination *(see, Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 417; *see also, Akpan v Koch,* 75 NY2d 561, 570; *Matter of Har Enters. v Town of Brookhaven,* 74 NY2d 524, 530). Upon review of the record, we are satisfied that the Town Board sufficiently complied with the mandate of SEQRA. Moreover, there is no merit to petitioners' contention that the Town Board was obligated to take a hard look at proposals that, although theoretically possible for a B-1 business district, were not before it and would not be feasible under the conditions included in the ordinance.

Supreme Court should have declared the rights of the parties instead of dismissing the petition *(see, Pless v Town of Royalton,* 185 AD2d 659). Thus, we modify the order to declare that Ordinance No. 90-1 is valid. (Appeal from Order of Supreme Court, Ontario County, Curran, J.—Declaratory Judgment.) Present—Boomer, J. P., Pine, Lawton, Boehm and Fallon, JJ.