■ In the Matter of DAVID'S LANE—PONDVIEW PRESERVA-TION ASSOCIATION et al., Appellants, v PLANNING BOARD OF THE INCORPORATED VILLAGE OF EAST HAMPTON et al., Respondents. [628 NYS2d 341] —In a proceeding pursuant to CPLR article 78 to annul a resolution of the Planning Board of the Incorporated Village of East Hampton, dated April 1, 1993, which granted subdivision approval to the respondent Estate of Madeline S. Christie, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Mullen, J.), dated September 8, 1993, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners brought this proceeding to challenge a subdivision application granted by the respondent, the Planning Board of the Incorporated Village of East Hampton. The parcel in question is owned by the respondent, the Estate of Madeline S. Christie. Pursuant to the subdivision approval, the parcel was subdivided into two lots. The first lot, which is undeveloped, consists of 20.766 acres. The second lot consists of 40,000 square feet and is improved by a two-story frame dwelling, a garage, and a swimming pool. While the area of this lot conforms to relevant zoning requirements, the side-yard setbacks of the garage and the swimming pool do not. These setback nonconformities exist with respect to an adjacent lot and were not created by the subdivision approval at issue herein.

Concurrent with its approval of the subdivision application, the Planning Board issued a negative declaration under SEQRA.

The individual petitioners are owners of properties that abut the proposed subdivision. The petitioner David's Lane—Pondview Preservation Association is an association of property owners and residents in the immediate vicinity of the proposed subdivision.

The petitioners assert that the Planning Board impermissibly usurped the authority of the Zoning Board of Appeals of the Village of East Hampton by, in effect, granting a side-yard setback variance for the improved lot. However, as the petitioners acknowledge, the relevant setbacks preexist the Village Zoning Code and are therefore legally nonconforming *(see,* East Hampton Village Code § 57-1 [B] [1] [a]). Accordingly, there was no requirement that a variance be obtained from the Zoning Board of Appeals and the Planning Board did not exceed its authority in granting subdivision approval *(see, Matter of Marx v Zoning Bd. of Appeals,* 185 AD2d 348; *Marx v Zoning Bd. of Appeals,* 137 AD2d 333, 339; *cf., Thurman v Holahan,* 123 AD2d 687).

Additionally, since there is currently no development plan for the Planning Board to consider with respect to the 20.766-acre second lot, it was not arbitrary or capricious for the Planning Board to issue a negative declaration under SEQRA *(see, Matter of Programming & Sys. v New York State Urban Dev. Corp.,* 61 NY2d 738, 739; *Matter of Long Is. Pine Barrens Socy. v Planning Bd.,* 204 AD2d 548, 551; *Cram v Town of Geneva,* 190 AD2d 1028; *Cross Westchester Dev. Corp. v Town Bd.,* 141 AD2d 796, 797; *see also,* SEQRA Handbook, New York State Department of Environmental Conservation, at 22).

Under these circumstances, the Supreme Court properly dismissed the proceeding. We find it unnecessary to consider the respondents' remaining contentions. Sullivan, J. P., O'Brien, Thompson and Hart, JJ., concur.