■ In the Matter of THOMAS DeMAIO, Appellant-Respondent, v ZONING BOARD OF APPEALS OF VILLAGE OF DOBBS FERRY et al., Respondents-Appellants. [705 NYS2d 617] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Dobbs Ferry, dated May 14, 1997, which, after a hearing, denied the petitioner's application for a building permit, (1) the petitioner appeals from an order of the Supreme Court, Westchester County (DiBlasi, J.), entered January 12, 1999, which denied that branch of the petition which was to annul the determination based on Dobbs Ferry Code § 8-9, and (2) the Zoning Board of Appeals of the Village of Dobbs Ferry, the Board of Architectural Review of the Village of Dobbs Ferry, and Lina Liberatore separately appeal from a judgment of the same court, entered January 15, 1999, which, upon finding that the determination was not based

on substantial evidence, annulled the determination of the Zoning Board of Appeals of the Village of Dobbs Ferry confirming the denial by the Board of Architectural Review of the Village of Dobbs Ferry of the petitioner's application.

Ordered that the appeal from the order entered January 12, 1999, is dismissed, without costs or disbursements, as no appeal lies as of right from an order in a proceeding pursuant to CPLR article 78 and leave to appeal has not been granted (*see,* CPLR 5701 [b]); and it is further,

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the proceeding is dismissed on the merits, and the determination of the Zoning Board of Appeals of the Village of Dobbs Ferry is confirmed.

The petitioner, Thomas DeMaio, submitted an application to the Board of Architectural Review of the Village of Dobbs Ferry seeking a building permit to erect a one-family home of approximately 2,300 square feet on a lot he owned in Dobbs Ferry. The Board of Architectural Review denied his application based on the overall square footage and design of the proposed house, finding that it was excessively dissimilar to the area in which he wanted to build. DeMaio appealed the decision to the respondent Zoning Board of Appeals of the Village of Dobbs Ferry (hereinafter the Zoning Board), which, after a hearing, confirmed the denial. DeMaio then commenced this proceeding pursuant to CPLR article 78 seeking to review the determination of the Zoning Board. The Supreme Court granted the petition and annulled the determination, concluding that the findings of the Zoning Board were arbitrary and capricious. We reverse.

The determination of the Zoning Board is supported by substantial evidence and has a rational basis (*see, Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Tarantino v Zoning Bd. of Appeals,* 228 AD2d 511). Accordingly, it should not have been disturbed.

Although we have dismissed the appeal from the order entered January 12, 1999, because no appeal lies as of right from that order and DeMaio never sought leave to appeal from that order, DeMaio has properly raised the issue of the applicability of Dobbs Ferry Code § 8-9, on the respondents' appeal from the judgment (*see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539). Nonetheless, contrary to DeMaio's contention, the Supreme Court properly rejected his claim that the determination of the Zoning Board should be annulled based on Dobbs Ferry Code § 8-9 (*see, Matter of Fry v Village of Tarrytown,* 89 NY2d 714). S. Miller, J. P., Krausman, Florio and H. Miller, JJ., concur.