■ In the Matter of BOARD OF ARCHITECTURAL REVIEW AND HISTORIC PRESERVATION OF THE VILLAGE OF SOUTHAMPTON, Appellant, v ZONING BOARD OF APPEALS OF THE VILLAGE OF SOUTHAMPTON, Respondent. HAZEL S. SAUNDERS et al., Intervenors-Appellants; PAYTON LANE PROPERTIES, INC., et al., Intervenors-Respondents. [719 NYS2d 663] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Southampton dated March 26, 1998, which overruled a determination of the Board of Architectural Review and Historic Preservation of the Village of Southampton dated January 12, 1998, disapproving plans for a project known as the Payton Lane Nursing Home, the appeals are from an order and judgment (one paper) of the Supreme Court, Suffolk County (Costello, J.), entered October 21, 1999, which granted the motion of Payton Lane Properties, Inc., and Fairchild Realty Group, Ltd., for reargument, and upon reargument, in effect, (a) vacated a judgment of the same court entered April 14, 1999, *inter alia*, granting the petition, vacating the determination of the Zoning Board of Appeals of the Village of Southampton dated March 26, 1998, and reinstating the determination dated January 12, 1998, and (b) reinstated the determination dated March 26, 1998, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The Supreme Court providently exercised its discretion in granting the motion for reargument (*see, Loland v City of New York,* 212 AD2d 674; *see also, Rodney v New York Pyrotechnic Prods. Co.,* 112 AD2d 410, 411; *Foley v Roche,* 68 AD2d 558).

Moreover, upon reargument, the court properly vacated its prior judgment and reinstated the determination of the Zoning Board of Appeals of the Village of Southampton (hereinafter the ZBA) dated March 26, 1998, which overruled the January 12, 1998, determination of the petitioner Board of Architectural Review and Historic Preservation of the Village of Southampton (hereinafter the ARB). Pursuant to Southampton Village Code § 116-34 and Village Law § 7-712-b (1), the ZBA is the administrative body designated to hear appeals from, *inter alia,* the ARB. In the absence of any limiting provision, it may consider the determination of a subordinate agency, in this case the ARB, de novo. Upon such consideration, it may make a new determination, provided that the new determination is supported by substantial evidence (*see, Matter of Promesa, Inc. v New York State Dept. of Health,* 204 AD2d 179, *lv denied* 84 NY2d 812). Since the ZBA's determination that the proposed nursing home satisfied the standards for architectural review approval (*see,* Southampton Village Code § 116-33 [A], [B]) was supported by substantial evidence, it should not be disturbed (*see, Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309).

The appellants' remaining contentions are either not properly before this Court or without merit. O'Brien, J. P., Santucci, Florio and Schmidt, JJ., concur.