■ In the Matter of ASHLEY HOMES OF L.I., INC., Respondent, v RICHARD O'DEA et al., Appellants. [858 NYS2d 337]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Riverhead dated September 15, 2005, which denied the petitioner's application for subdivision approval, the appeal is from an order of the Supreme Court, Suffolk County (Costello, J.), dated April 30, 2007, which, in effect, granted the petition, annulled the determination, and directed the Planning Board of the Town of Riverhead to approve the subdivision.

Ordered that on the Court's own motion, the notice of appeal from the order is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The petitioner purchased a parcel of land measuring approximately 32,000 square feet and sought to subdivide it into two separate lots. Since the applicable zoning ordinance required a minimum lot size of 20,000 square feet, the petitioner applied to the Zoning Board of Appeals of the Town of Riverhead (hereinafter the ZBA) for an area variance permitting two lots, each measuring approximately 16,000 square feet. On June 10, 2004 the ZBA granted the requested variance. On June 22, 2004

the applicable zoning ordinance was amended, resulting in a rezoning of the subject property, so that it was now required to have a minimum lot area of 40,000 square feet. In April 2005 the ZBA granted the petitioner's application to extend the previously-issued area variance to May 13, 2006.

In June 2005 the petitioner submitted an application for subdivision approval to the Planning Board of the Town of Riverhead (hereinafter the Planning Board). In a determination dated September 15, 2005 the Planning Board denied the petitioner's application on the ground that the required lot area for the subject property was now 40,000 square feet, and the two proposed lots did not conform to this requirement. The determination acknowledged that the ZBA had granted an area variance, which had been extended to May 13, 2006, but concluded that "the variance is not applicable to the amended zoning."

The petitioner commenced this proceeding pursuant to CPLR article 78 against the members of the Planning Board and the Town of Riverhead (hereinafter the respondents), challenging the Planning Board's determination. The Supreme Court, in effect, granted the petition, annulled the Planning Board's determination, and directed the Planning Board to approve the subdivision. We affirm.

"The issue of conformity with zoning regulations is within the primary jurisdiction of the Town Zoning Board" (*Thurman v Holahan,* 123 AD2d 687, 688 [1986]; *see Matter of Gershowitz v Planning Bd. of Town of Brookhaven,* 52 NY2d 763, 765 [1980]; *Matter of J & R Esposito Bldrs. v Coffman,* 183 AD2d 828, 828-829 [1992]). In this case, the respondents contend that the Planning Board did not "overrule" the ZBA. Rather, they argue, the petitioner had only been granted a variance from the former 20,000-square-foot lot size requirement, and had not been granted a variance from the new 40,000-square-foot requirement, and the Planning Board was merely applying the zoning ordinance as it existed at the time of the petitioner's application for subdivision approval. Yet, in April 2005 the ZBA, which presumably was aware of the amendment to the zoning ordinance, granted the petitioner a one-year extension of the variance, and thus the variance was still in effect at the time the Planning Board denied the petitioner's subdivision application. While the respondents suggest that the ZBA's extension of the variance was improper, neither the variance nor the extension thereof was ever challenged in a judicial proceeding, and those matters are not now before this Court for review (*see Matter of Gershowitz v Planning Bd. of Town of Brookhaven,* 52 NY2d at 765; *Thurman v Holahan,* 123 AD2d at 688).

Thus, the Planning Board's determination usurped the power of the ZBA, and therefore was affected by an error of law (*see* CPLR 7803 [3]). Since the determination was based exclusively upon findings concerning the alleged nonconformity of the petitioner's proposed subdivision with the zoning ordinance, "which findings were not within the Planning Board's proper jurisdiction to make" (*Thurman v Holahan,* 123 AD2d at 688), the Supreme Court properly, in effect, granted the petition, annulled the determination, and directed the Planning Board to approve the subdivision. Skelos, J.P., Covello and Balkin, JJ., concur.

Lifson, J. (concurring, with the following memorandum): I agree with the conclusion and rationale of the majority in affirming the judgment of the Supreme Court, which annulled the determination of the Planning Board to the extent that it negated the variance granted by the ZBA.

I note, however, that the ZBA had granted the petitioner an extension of time to obtain Planning Board approval until May of 2006. Therefore, at the time that the Supreme Court rendered its determination in April of 2007 (in essence directing the Planning Board to issue approvals for a building permit) the petitioner's time to satisfy the conditions imposed by the ZBA in granting the variance appears to have expired. The record is silent as to whether the petitioner filed an application for a further extension of time to satisfy the conditions imposed by the ZBA. Moreover, the Planning Board filed a timely appeal from that determination, and in so doing obtained an automatic stay pursuant to CPLR 5519 (a) (1) (*see Matter of Lombardi v Habicht,* 293 AD2d 476 [2002]). Thus, the Planning Board was temporarily relieved from its obligation to grant the approvals as directed by the Supreme Court. During the pendency of this appeal, the record does not indicate what steps, if any, the petitioner took to obtain further extensions of time in which to obtain the essential Planning Board approval. Additionally, there is no indication in this record that there is any impediment to the petitioner seeking a further extension of time from the ZBA. The petitioner instead apparently relies on the order on appeal as satisfaction of those conditions. If the petitioner had applied or hereinafter applies to the ZBA and if the ZBA was or is so inclined, a further extension could be obtained, or alternatively the ZBA if it so elects, could deny the request for such an extension due to the fact that the scope of the variance had been inadvertently magnified by the Town Board's alteration of the zoning regulations in question. Since the petitioner may not have obtained an extension from the ZBA or a court,

its victory herein may be illusory because, by its very terms, the variance granted by the ZBA appears to have expired.

In view of these circumstances, my conclusion that the Supreme Court correctly ruled that the actions of the Planning Board were improper should in no way be construed as conferring greater rights upon the petitioner than have heretofore been granted by the ZBA. In my view, the determination herein cannot be construed as relieving the petitioner from its obligation to seek a further extension of time from the ZBA in which to satisfy the conditions of the ZBA in light of the intervening variance granted and subsequent amendment of the code, pending this appeal. Any contrary result would compel the Planning Board to grant subdivision approval where no variance or right thereto exists at the time of the actual approval.

As indicated by our determination, the issue of the propriety of the variance and extensions of time necessitated by these proceedings is a matter solely within the discretion of the ZBA to decide, as well as whether any further extensions are warranted in view of the pendency of this appeal and the determination rendered herein, and the Planning Board is powerless to, in essence, nullify the actions of the ZBA.