Matter of Livingston Dev. Group, LLC v Zoning Bd. of Appeals of the Vil. of Dobbs Ferry (2019 NY Slip Op 00278)





Matter of Livingston Dev. Group, LLC v Zoning Bd. of Appeals of the Vil. of Dobbs Ferry


2019 NY Slip Op 00278


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-04826
 (Index No. 1624/15)

[*1]In the Matter of Livingston Development Group, LLC, petitioner-respondent, 
v
Zoning Board of Appeals of the Village of Dobbs Ferry, etc., et al., respondents- appellants; Anna-Lisa Corrales, et al., proposed intervenors-appellants.


Harris Beach, PLLC, White Plains, NY (Darius P. Chafizadeh and Alexander D. Rosati of counsel), for respondents-appellants.
Bleakley Platt & Schmidt, LLP, White Plains, NY (James W. Glatthaar and William P. Harrington of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Dobbs Ferry dated February 17, 2015, which, after a hearing, confirmed a decision of the Architectural and Historic Review Board of the Village of Dobbs Ferry denying architectural approval of the petitioner's proposed development plan, the Zoning Board of Appeals of the Village of Dobbs Ferry and the Architectural and Historic Review Board of the Village of Dobbs Ferry appeal, and the proposed intervenors separately appeal, from an order and judgment (one paper) of the Supreme Court, Westchester County (Barbara G. Zambelli, J.), dated March 25, 2016. The order and judgment, insofar as appealed from by the Zoning Board of Appeals of the Village of Dobbs Ferry and the Architectural and Historic Review Board of the Village of Dobbs Ferry, granted the petition, annulled the determination, and remitted the matter to the Zoning Board of Appeals of the Village of Dobbs Ferry for further proceedings in accordance therewith.
ORDERED that the appeal by the proposed intervenors is deemed dismissed pursuant to 22 NYCRR 1250.10(a); and it is further,
ORDERED that the order and judgment is reversed insofar as appealed from by the Zoning Board of Appeals of the Village of Dobbs Ferry and the Architectural and Historic Review Board of the Village of Dobbs Ferry, on the law, the petition is denied, and the proceeding is dismissed; and it is further,
ORDERED that one bill of costs is awarded to the Zoning Board of Appeals of the Village of Dobbs Ferry and the Architectural and Historic Review Board of the Village of Dobbs Ferry, payable by the petitioner.
The petitioner, Livingston Development Group, LLC, submitted an application for site plan approval to the Planning Board of the Village of Dobbs Ferry (hereinafter the Planning Board), seeking a building permit to construct two buildings, each containing six condominium [*2]units, on a parcel overlooking the Hudson River. After conducting a view analysis in accordance with the Code of the Village of Dobbs Ferry (hereinafter Code) § 300-46(D), the Planning Board recommended that the Board of Trustees of the Village of Dobbs Ferry (hereinafter the Board of Trustees) grant site plan approval for the project, subject to certain enumerated conditions. The Board of Trustees subsequently granted site plan approval, subject to certain enumerated conditions, including that the petitioner obtain approval from the Architectural and Historic Review Board of the Village of Dobbs Ferry (hereinafter the AHRB). In a decision dated October 21, 2014, the AHRB denied approval, inter alia, on the ground that the buildings were excessively dissimilar to the character of the surrounding area (see Code § 300-17[C][3]). The petitioner appealed the AHRB's decision to the Zoning Board of Appeals of the Village of Dobbs Ferry (hereinafter the ZBA), which, after a hearing, confirmed the AHRB's decision.
The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination. The Supreme Court granted the petition and annulled the determination, finding that the determination was affected by an error of law (see CPLR 7803[3]), and remitted the matter to the ZBA for further proceedings. The court concluded that, in denying approval on the ground of excessive dissimilarity, the AHRB and the ZBA exceeded their authority by considering the impact of the proposed project on views of the Hudson River where the Planning Board, as the "lead agency" charged with reviewing site plan applications for consistency with the Village's Local Waterfront Revitalization Plan (cf. Code § 300-16[B][9], [11]), had already conducted a view analysis. The AHRB and the ZBA appeal.
Even assuming that the AHRB and the ZBA usurped the power of the Planning Board in considering the impact of the proposed project on views (see Matter of Ashley Homes of L.I., Inc. v O'Dea, 51 AD3d 911), upon our review, the ZBA's determination should have been upheld since the determination was not based exclusively upon that finding (cf. id. at 913; Thurman v Holahan, 123 AD2d 687). The determination also included a finding that the proposed buildings would be "so detrimental to the desirability . . . of the surrounding area . . . as to provoke such harmful effects by excessive dissimilarity" (Code § 300-17[C][3]). This determination was rational, not arbitrary or capricious, and supported by evidence in the record (see Matter of Mueller v Zoning Bd. of Appeals of Town of Southold, 10 AD3d 687; Matter of Board of Architectural Review & Historic Preserv. of Vil. of Southampton v Zoning Bd. of Appeals of Vil. of Southampton, 279 AD2d 523; Matter of DeMaio v Zoning Bd. of Appeals of Vil. of Dobbs Ferry, 270 AD2d 487). Accordingly, the ZBA's determination should have been upheld (see Matter of DeMaio v Zoning Bd. of Appeals of Vil. of Dobbs Ferry, 270 AD2d at 488).
MASTRO, J.P., COHEN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court