■ Ambulance Association of Greater New York, Inc., Respondent, v William Grinker, as Commissioner of the Human Resources Administration of the City of New York, Appellant.—Judgment, Supreme Court, New York County (Burton Sherman, J.), entered September 7, 1989, which, in part, ordered respondent Commissioner of the New York City Human Resources Administration to negotiate with petitioner and other representatives of the ambulance industry to increase the fee reimbursement schedule for profit-making ambulance providers who service Medicaid patients in New York City, is unanimously affirmed, without costs and without disbursements, for the reasons stated by Burton Sherman, J.

The court properly compelled the Commissioner of the Human Resources Administration of the City of New York

(HRA) to perform his obligation under State regulation to negotiate a Medicaid ambulance reimbursement rate in good faith. 18 NYCRR 505.10 (c) (1) provides that reimbursement for transportation services shall not exceed the "lower" of the current local prevailing charge or locally negotiated fee. Additionally, the Medicaid Management Information System Manual (Medicaid Manual), a guide to participating Medicaid providers, under section 2.2.7, provides that "ambulance * * * [f]ees may be negotiated by [New York City] officials". Thus, the general thrust of the applicable regulation and Medicaid Manual is that a fee must be negotiated in good faith.

Here, HRA met with petitioner Ambulance Association of Greater New York, Inc. (AAGNY) once and purportedly without discussion offered a percentage increase which was rejected by petitioner. HRA, at this point, refused to enter into further negotiations without first conducting a cost analysis of services provided by Medicaid participants. On the basis of this record, the court properly found that HRA failed to comply with its required ministerial task of negotiating in good faith.

HRA also challenges AAGNY's standing, as an organization, to bring the instant petition on behalf of ambulance companies which provide services to Medicaid recipients. We have reviewed the petition and verified petition and find the pleadings sufficient to establish that AAGNY is an appropriate organization to act on behalf of its membership, which includes ambulance companies that provide transportation services to Medicaid recipients (see generally, Matter of Dental Socy. v Carey, 61 NY2d 330). Concur—Murphy, P. J., Sullivan, Carro and Milonas, JJ.