■ In the Matter of LONG ISLAND MEDICAL TRANSPORTATION ASSOCIATION, INC., Appellant, v RUTH A. BRANDWEIN et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Suffolk County Department of Social Services, dated October 2, 1989, reducing the reimbursement rates paid to Medicaid transportation providers by 10% and a determination of the respondent Commissioner of the New York State Department of Social Services, dated October 12, 1989, approving the reduction, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Hand, J.), dated January 23, 1990, which dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The petitioner Long Island Medical Transportation Association, Inc., an association of ambulance and ambulette companies, challenges a determination of the Commissioner of the Suffolk County Department of Social Services (hereinafter the Suffolk DSS) which reduced by 10% the State reimbursement rate for transportation services provided to Medicaid recipi-

ents pursuant to 18 NYCRR 505.10 (c) (1), and the approval of the rate reduction by the Commissioner of the New York State Department of Social Services.

The clear language of 18 NYCRR 505.10 (c) (1), read together with the Medicaid Management Information System Manual § 2.2.7, authorizes the Suffolk DSS either to "negotiate" the rates with transportation providers or to set the rate at the local prevailing charge. In fact, the Medicaid Management Information System Manual clearly provides that the rates to be paid to medical transportation providers may be negotiated or be the local prevailing charge "as determined by" the Suffolk DSS. Thus, whether to negotiate a rate or to determine the prevailing rate on its own, is a matter of discretion for the Suffolk DSS. Here, the record shows that the reduced rate was comparable to that provided by neighboring Nassau County. Moreover, the reduction at issue came at a time when Suffolk County was experiencing "severe fiscal strain" and, as a result, had reduced its contracts with other service agencies by 10%.

Thus, we find that the Suffolk DSS acted properly in reducing the reimbursement rate and, accordingly, the proceeding was properly dismissed.

We are aware of decisions rendered by the Appellate Division, First Department, in *Ambulance Assn. v Grinker* (165 AD2d 791, *lv denied* 76 NY2d 714) and the Supreme Court, Nassau County (Ain, J.) in *Matter of Independent Transporters of Handicapped v Brandwein* (Aug. 7, 1990) and, to the extent that they are contrary to the result reached here, decline to follow them. Bracken, J. P., Kunzeman, Eiber and O'Brien, JJ., concur.