■ In the Matter of CABRINI MEDICAL CENTER, Respondent, v DAVID AXELROD, as Commissioner of New York State Department of Health, et al., Appellants.—Weiss, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered September 12, 1990 in Albany County, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Health regarding petitioner's 1986-1987 Medicaid reimbursement rate.

Petitioner, which provides outpatient psychiatric day/night (hereinafter PDN) services to Medicaid recipients, has challenged respondent Commissioner of Health's determination of its PDN reimbursement rate for the period of April 1, 1986 to March 31, 1987. On March 13, 1987, some 11½ months into the rate year, the Commissioner issued an essentially retroactive rate determination calculated through the use of a new methodology referred to as the "lower of" method, resulting in a $78.34 per diem reimbursement rate rather than the $101.73 which would have pertained if the methodology used (total pure cost based) for the four preceding years had been used for the subject year. After pursuing its administrative remedies without success, petitioner commenced this proceeding. Supreme Court found that the "lower of" methodology used by the Commissioner was invalid and set the Medicaid rate at the $101.73 level. In appealing, respondents seek reversal from only that part of the judgment which established petitioner's 1986-1987 PDN reimbursement rate rather

than remit the matter to the Commissioner for recomputation of the rate.

Respondents contend that Supreme Court usurped the Commissioner's statutory authority by directing him to certify a specific rate rather than remitting the matter to him for redetermination. We agree. The case of *Matter of Brookdale Hosp. Med. Center v Axelrod* (120 AD2d 144) is dispositive of this issue. There, under similar circumstances, it was determined that it is not the court's function to determine a petitioner's proper Medicaid reimbursement rate. Accordingly, the matter must be remitted to the Commissioner for further proceedings.

Casey, J. P., Levine, Mercure and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as established petitioner's Medicaid reimbursement rate for the 1986-1987 year; matter remitted to respondent Commissioner of Health for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.