■ In the Matter of the UNITED HOME FOR AGED HEBREWS et al., Respondents, v DAVID AXELROD et al., Appellants. [608 NYS2d 272] —In consolidated proceedings pursuant to CPLR article 78, inter alia, to review determinations of the respondents denying the petitioners' respective applications for an increase in their 1989 reimbursement rates based on labor costs applicable to nursing homes in New York City, the appeal, as limited by the appellants' brief, is from (1) an order of the Supreme Court, Westchester County (Carey, J.), entered October 16, 1990, which, inter alia, annulled "the denial of [the] petitioners' request" and directed the appellants to reconsider the petitioners' application, (2) an order of the same court, also entered October 16, 1990, which granted the same

relief, (3) an order of the same court, entered April 22, 1991, which, *inter alia,* directed that the appellants file with the court a new decision on the petitioners' application by a certain date, and (4) a judgment of the same court, dated November 18, 1991, which, *inter alia,* granted the petitions and vacated the determinations denying the petitioners' requests.

Ordered that the appeals from the orders are dismissed, without costs or disbursements, as no appeal as of right lies therefrom; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner United Home for Aged Hebrews is a 150-bed residential health care facility. The petitioner United Nursing Home for the Aged, Inc. is a 120-bed residential health care facility. The petitioners are closely affiliated in ownership and operation and are located adjacent to each other in the Town of New Rochelle, in Westchester County. They both participated in the Medicaid program. As of 1986, the labor-related component of Medicaid reimbursement rates was to be determined by a wage equalization factor keyed to the petitioners' region, Westchester County. Under the new methodology, New York State was divided into 16 geographic regions based on common labor pools. The "Westchester Region" includes Westchester County and neighboring Rockland County. The "New York City Region" includes the five counties within the City of New York. The New York State Department of Health (hereinafter the DOH) Medicaid reimbursement regulations generally provide that reimbursable costs must be within the cost limits set for the region. In 1989, the petitioners' labor costs exceeded those cost limits. They sought reconsideration, requesting that they be treated similarly to facilities in the New York City Region because their employees are members of District 1199 National Union of Hospital and Health Care Employees and "[a]s such, * * * salary levels and increases are commensurate to the other facilities, which are all located in the New York City region". After exhausting their administrative remedies, and obtaining two separate remittiturs to the DOH, the petitioners brought these CPLR article 78 proceedings seeking a waiver of the Westchester regional rate ceiling and reclassification in the New York City region. They assert that the appellants chose to characterize labor markets as being rigidly defined solely by artificial political boundaries, with no room for adjustments based on their particular facts

and circumstances. The respondents reply that the petitioners' inclusion in the Westchester region is rational and consistent with the mandates of Public Health Law § 2807 (3) and the Medicaid reimbursement regulations *(see,* 10 NYCRR subpart 86-2).

Although a State has discretion to choose from a variety of reasonable methods to calculate Medicaid rates, a court may still review the rates to determine if they are indeed reasonable and adequate *(see, Wilder v Virginia Hosp. Assn.,* 496 US 498; *Matter of Society of N. Y. Hosp. v Axelrod,* 70 NY2d 467, 473). Generally, rate-setting actions of the Commissioner, being quasi-legislative in nature, may not be " 'annulled except upon a compelling showing that the calculations from which [they] derived were unreasonable' " *(Matter of Society of N. Y. Hosp. v Axelrod,* 70 NY2d 467, 473, *supra; see, Matter of Catholic Med. Ctr. v Department of Health,* 48 NY2d 967, 968). However, an agency may not "promulgate a rule out of harmony with or inconsistent with the plain meaning of the statutory language" *(Matter of Trump-Equit. Fifth Ave. Co. v Gliedman,* 57 NY2d 588, 595).

On this record, we agree with the Supreme Court that there was no rational basis for the determination of the appellant DOH. The petitioners do not challenge the regional classifications in general. They simply challenge the denial of their application to be excluded from a particular classification. The appellants' reliance on the bald statement that "intense labor management turmoil" was replaced in the mid-1980's by a situation in which facilities were able to negotiate more favorable labor costs as a reason for denial of the application, is arbitrary and capricious. Given the Commissioner's discretionary power to adjust rates *(see,* 10 NYCRR 86-2.12) and the direction to the Commissioner in Public Health Law § 2807 (3) to take into consideration various specified factors, the appellants' suggestion that the statute mandates that the Department "draw lines, somewhere, to delineate different geographical-based labor markets", without adjustments, is not convincing. "Absent a predicate in the proof to be found in the record, the unsupported determination by the commissioner must * * * be set aside as without rational basis and wholly arbitrary" *(Matter of Jewish Mem. Hosp. v Whalen,* 47 NY2d 331, 343) as it applies to these petitioners. Bracken, J. P., Miller, O'Brien and Altman, JJ., concur.