■ In the Matter of PROMESA, INC., Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [611 NYS2d 558] —Petition, in a proceeding commenced pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, Bronx County [Alan Saks, J.], entered May 6, 1993), unanimously granted, the determination of the respondent, New York State Department of Health, dated February 6, 1989, which, *inter alia,* declined to change petitioner's group reimbursement rates for the rate years 1983-84 and 1984-85 is annulled and the recommendation of the Administrative Law Judge dated August 31, 1988 is hereby substituted therefor, without costs.

An administrative determination made after a hearing must be supported by substantial evidence (CPLR 7803 [4]; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181). The administrative official reviewing the findings of an Administrative Law Judge (ALJ) is not bound by the ALJ's assessment of credibility and is free to make his or her own findings, provided that same is supported by substantial evidence *(see, Matter of Wiggins v Board of Educ.,* 60 NY2d 385, 388). However, the credibility determinations made by an ALJ are entitled to considerable weight and are significant in determining whether substantial evidence exists *(Matter of Stevens v Axelrod,* 162 AD2d 1025). Upon our review of this record, we conclude that substantial evidence in the record exists to support the findings and conclusions of the ALJ. The

findings of the respondent to the extent that they are contrary to those of the ALJ are not supported by substantial evidence and are clearly erroneous. Concur—Murphy, P. J., Rosenberger, Wallach, Ross and Rubin, JJ.