■ In the Matter of BIG APPLE FOOD VENDORS' ASSOCIATION et al., Respondents, v STREET VENDOR REVIEW PANEL, Appellant. [637 NYS2d 397] —Judgment, Supreme Court, New York County (Fern Fisher-Brandveen, J.), entered September 15, 1995, which, *inter alia*, granted the petition pursuant to CPLR article 78 to the extent of remanding the matter to the respondent Street Vendor Review Panel for the establishment of quantitative criteria for determining if streets are "regularly too congested" to permit street food vending and to reevaluate all streets in light of the criteria, and declared null and void that portion of the Panel's final rules which prohibit vending on 26 new streets that were not previously regulated, unanimously affirmed, without costs.

The IAS Court properly directed the Panel, on remand, to formulate objective quantitative criteria for determining whether New York streets are "regularly too congested" for purposes of permitting or prohibiting street food vending at specified places and times and thereafter to reevaluate whether each street listed in the final rule published by the Panel meets that criteria.

The use of public sidewalks for street vending, which is a common and traditional use of the streets, must be exercised in such a manner so as to not unduly interfere with use of the streets by pedestrians and vehicles travelling upon them (*Good Humor Corp. v City of New York*, 290 NY 312, 317). Although the government may seek to curb and control street vending where the regulations rationally relate to the exercise of its police power (*Duchein v Lindsay*, 42 AD2d 100, 102, *affd* 34 NY2d 636, *appeal dismissed* 419 US 809; *Huggins v City of New York*, 126 Misc 2d 908, 910), an administrative agency, such as the Panel herein, is nevertheless forbidden from exercising its discretionary power without first detailing the standards or guidelines governing the exercise of that discretion (*Matter of Nicholas v Kahn*, 47 NY2d 24, 34).

Local Laws, 1995, No. 14 of the City of New York § 9 (adding

Administrative Code of City of NY § 20-465.1), the legislation creating the Panel, specifically requires a street by street analysis, rather than City-wide restrictions, on street vending. It empowers the Panel to place new restrictions or eliminate or modify restrictions based upon a finding that the operation of vending businesses at certain times and places "would constitute a serious and immediate threat to the health, safety and well-being of the public on the ground that *such street at such time is regularly too congested by pedestrian or vehicular traffic to permit the operation of such business*" (Administrative Code § 20-465.1 [a] [emphasis added]). In remanding the matter to the Panel to establish quantitative criteria for determining whether streets are "regularly too congested" for street vending, the IAS Court specifically found that, although a public hearing was conducted, the Panel's papers failed to establish that the Panel members used the same standard when determining the status of the various streets, failed to provide the court with any idea as to how the Panel members decided which streets were "regularly too congested", and therefore left the court "clueless as to how and upon what evidence it applied the statutory criteria". We therefore agree with the IAS Court that the Panel's finding that some streets are "regularly too congested" is arbitrary and capricious as it was not based upon any fact-finding or articulated objective quantitative criteria, thereby making it impossible to discern if the final rules adopted by the Panel are rationally related to the City's legitimate interest in prohibiting street vending on regularly congested streets (*Matter of Nicholas v Kahn, supra*; *Duchein v Lindsay, supra*, at 103).

We have reviewed the Panel's remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Nardelli, Williams and Tom, JJ.