■ In the Matter of LASALLE AMBULANCE, INC., Appellant-Respondent, v DEBORAH MERRIFIELD, as Commissioner of Erie County Department of Social Services, et al., Respondents-Appellants. [654 NYS2d 930] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to respondent Erie County Department of Social Services for redetermination of petitioner's request for a rate

reimbursement increase within 30 days of service of a copy of the order of this Court with notice of entry and to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court properly annulled the determination of respondent Erie County Department of Social Services (ECDSS) that denied petitioner's request for an increase in the ambulance transportation rate for Medicaid recipients in the County of Erie. The record establishes that ECDSS had no written record of its procedures for setting and reviewing the Medicaid reimbursement rates for ambulance services since 1992, including petitioner's request for a rate increase. Furthermore, there is no proof in the record that, in reviewing petitioner's request, ECDSS determined whether an increase was necessary to ensure appropriate transportation for Medicaid recipients to obtain necessary medical care or services (*see*, 18 NYCRR 505.10 [a], [b] [11]).

The record is also devoid of any proof that ECDSS considered the guidelines set forth by respondent New York State Department of Social Services (NYSDSS) in assessing petitioner's request for a rate increase. Moreover, although financial considerations are a valid concern in reviewing a rate increase request, they cannot be the conclusive factor in reviewing such a request, and ECDSS improperly based its Medicaid determination solely on financial considerations (*see, Arkansas Med. Socy. v Reynolds*, 6 F3d 519, 531; *see, e.g., Amisub [PSL] v State of Colo. Dept. of Social Servs.*, 879 F2d 789, 800-801, *cert denied* 496 US 935; *Friedman v Perales*, 668 F Supp 216, 221, *affd* 841 F2d 47). Because the determination is not supported by the record, the court properly set aside the determination as wholly arbitrary and without a rational basis (*see, Matter of Jewish Mem. Hosp. v Whalen*, 47 NY2d 331, 343; *Matter of Hawley v Cuomo*, 46 NY2d 990; *Matter of Saint Mary's Hosp. for Children v Commissioner of N. Y. State Dept. of Health*, 206 AD2d 486, 488-489; *Matter of United Home for Aged Hebrews v Axelrod*, 201 AD2d 656, 658, *lv denied* 83 NY2d 760).

We conclude, however, that the court erred in directing the parties to negotiate a new reimbursement rate for ambulance transportation of Medicaid recipients. Unlike the pre-September 1993 regulations governing such transportation, the present regulations do not provide for reimbursement based on a "locally negotiated fee" (18 NYCRR former 505.10 (c); *Ambulance Assn. v Grinker*, 165 AD2d 791, *lv denied* 76 NY2d 714). We therefore modify the judgment by deleting from the first decretal paragraph the directive that the parties negotiate new rates.

The court also erred in directing NYSDSS to approve and pay all Medicaid requests properly submitted by petitioner pending the resolution of the rate dispute. The record does not establish that NYSDSS acted in an arbitrary or capricious manner in reviewing requests submitted by petitioner to support that directive. We cannot conclude, however, that the court erred in directing ECDSS to continue to issue the "necessary prior Medicaid authorizations" for services submitted by petitioner. That directive merely continues the stipulation between petitioner, respondent County of Erie and ECDSS that petitioner would provide ambulance transportation to Medicaid recipients at the existing transportation rate pending the determination of its rate increase request. The directive does not abridge the authority of ECDSS to issue prior approval only when it determines that such ambulance transportation services are needed for Medicaid recipients to obtain necessary medical care and services. Furthermore, the directive does not require ECDSS to use petitioner exclusively for ambulance transportation services. We therefore further modify the judgment by deleting as unnecessary the directive in the third decretal paragraph that NYSDSS approve and pay all Medicaid requests properly submitted by petitioner pending the resolution of the rate dispute.

We reject petitioner's contention that the court erred in failing to set a new reimbursement rate for ambulance transportation of Medicaid recipients in the County of Erie. Upon annulling the reimbursement rate of a social services department, it is not the function of the court to impose a new reimbursement rate. Rather, the proper course is to remit the matter to the regulatory agency for a redetermination (*see, Matter of Society of N. Y. Hosp. v Axelrod*, 70 NY2d 467, 475; *Matter of Cabrini Med. Ctr. v Axelrod*, 177 AD2d 824, 825, *lv denied* 79 NY2d 755; *Matter of Brookdale Hosp. Med. Ctr. v Axelrod*, 120 AD2d 144, 147-148; *see also, Matter of Saint Mary's Hosp. for Children v Commissioner of N. Y. State Dept. of Health, supra*, at 489). Consequently, we remit the matter to ECDSS for a redetermination of petitioner's request for a rate reimbursement increase within 30 days of service of a copy of the order of this Court with notice of entry. We further remit the matter to Supreme Court for further consideration upon receipt of the redetermination of petitioner's request. Given the importance of the service to the community, every effort should be made by ECDSS to redetermine petitioner's request in a timely manner. (Appeals from Judgment of Supreme Court, Erie County, Whelan, J.—CPLR art 78.) Present—Green, J. P., Lawton, Doerr, Balio and Fallon, JJ.