OPINION OF THE COURT
 

 Levine, J.
 

 Petitioners are engaged in mobile food vending in the City of New York. They brought this CPLR article 78 proceeding to challenge a rule adopted by the City Street Vendor Review Panel pursuant to Local Law 14 of 1995 extending certain existing street vending restrictions and creating additional restricted locales
 
 (see,
 
 Administrative Code of City of NY § 20-465.1 [added by Local Laws, 1995, No. 14 of City of New York]). The Panel was created under Local Law 14 as an executive agency charged with implementation of that legislation. Such street vending restrictions had previously been determined by regulations of the City’s Commissioner of Consumer Affairs. Local Law 14 directs that:
 

 "[i]n the same manner as provided in section 1043 of the city charter [the rule-making provision of the City’s Administrative Procedure Act], the street vendor review panel shall promulgate * * * rules prohibiting the operation of any general vending
 
 *405
 
 business or food vending business * * * on any street, at any time, after making a determination that such vending business would constitute a serious and immediate threat to the health, safety and well-being of the public on the ground that such street at such time is regularly too congested by pedestrian or vehicular traffic to permit the operation of such business” (Administrative Code § 20-465.1 [a]).
 

 The process by which the Panel’s rule-making powers are to be exercised is set forth in Local Law 14. The Panel first entertains "[Requests for the adoption or amendment of rules prohibiting the operation of any general vending business or food vending business * * * on any street, at any time” (Administrative Code § 20-465.1 [b]). Within 60 days of the submission of any such request, the Panel is required to meet and determine whether to issue a denial (stating its reasons) or announce its intention to initiate rule making concerning the subject of the request
 
 (id.).
 
 If the Panel decides to initiate rule making, it is required to publish the proposed rule for comment and give notice of a scheduled public hearing, in conformity with the City Administrative Procedure Act
 
 (id.).
 
 After the public hearing and consideration of any comments presented, "the panel may adopt a final rule relating to such streets and such times,” and promulgate the rule, again, in accordance with the requirements of the City Administrative Procedure Act
 
 (id.).
 

 The parties agree that, in February 1995, the Panel began receiving petitions for adding street locations to the then current restricted street vending list, and for modifying or eliminating restricted street locations already in place. The members of the Panel met, conferred on the petitions and, in April, caused to be published a Notice of Proposed Rules for retaining or modifying existing vending restrictions on specified streets. The Notice also announced the date of May 15, 1995, for the public hearing on the proposed rules. Following the public hearing, the Panel met and adopted a final rule. That rule was then duly published and became effective 30 days later, all as provided in the City Administrative Procedure Act
 
 (see,
 
 NY City Charter § 1043 [b] [1]; [d], [e] [1] [c]). The final rule maintained existing restrictions on 33 streets and created new restrictions on 26 additional streets
 
 (see,
 
 6 RCNY 2-314). Petitioners then initiated this proceeding.
 

 The petition attacked the validity of the Panel’s final rule for failing to set forth objective quantitative standards for ap
 
 *406
 
 plication of the statutory test of whether a street location is "regularly too congested” to permit street vending consistent with safety concerns, and for other alleged deficiencies in the Panel’s notice, hearing and rule adoption process.
 

 Supreme Court granted the petition on motion, to the extent of annulling the portion of the final rule adding 26 new streets to the list of restricted vending locations. It remitted the matter to the Panel with directions to establish by rule "objective quantitative criteria” for determining if a street is "regularly too congested” to safely permit vending operations, following which the Panel was required to reevaluate each street restriction under such criteria upon repetition of the notice, comment and hearing procedure. Supreme Court ruled that without such objective quantitative criteria, the determinations by the Panel necessarily were arbitrary and capricious. The court rejected all of the petitioners’ alternative objections as being meritless.
 

 On the Panel’s sole appeal, the Appellate Division affirmed (224 AD2d 219), agreeing with Supreme Court’s conclusion that the Panel’s determination was arbitrary and capricious as it "was not based upon any fact-finding or articulated objective quantitative criteria”
 
 (id.,
 
 at 220). We granted the Panel leave to appeal, and now reverse.
 

 At the heart of the rulings of the lower courts in this case is confusion concerning the scope of judicial review of administrative agency action when, as here, the agency is exercising duly delegated legislative rule-making authority. In unmistakable language in Local Law 14, the City Council delegated to the Panel its legislative power to designate specific City street locations in which street vending would be prohibited or restricted because of excessive pedestrian or vehicular traffic congestion posing a public safety risk. The Council could have directed the Panel to adopt regulatory standards for the
 
 adjudication
 
 of disputes of whether particular locales are too congested for street vending consistent with public safety (the practical effect of the rulings of Supreme Court and the Appellate Division here), but it did not. Rather, the Council expressly directed the Panel to "promulgate * * * rules prohibiting [street vending]
 
 on any street”
 
 (Administrative Code § 20-465.1 [a] [emphasis supplied]). The Council further directed the Panel, in adopting such rules, to follow the notice, comment and public hearing format of the City Administrative Procedure Act applicable to agency legislative rule making
 
 (id.).
 
 The record demonstrates that the Panel apparently conformed to the mandate of the
 
 *407
 
 Administrative Procedure Act in adopting its final rule, and petitioners do not contend otherwise before this Court.
 

 In requiring the Panel to promulgate "objective quantitative criteria” for determining whether a street is regularly too congested to safely permit street vending (despite the absence of any such mandate in Local Law 14), Supreme Court and the Appellate Division necessarily determined implicitly that the delegation of legislative rule-making authority by the City Council was so vague and indefinite as to leave determinations of street vending restrictions to the unbridled discretion of the agency based upon its own policy preferences (see, Borchers and Markell, New York State Administrative Procedure and Practice § 5.3 [1995]). To the contrary, our precedents readily support the adequacy of the statutory standard of Local Law 14, i.e., whether street vending operations at a given street location would endanger public safety because "such street at such time is regularly too congested by pedestrian or vehicular traffic to permit the operation of such business.”
 

 Consistent with the foregoing conclusion, in
 
 Matter of Levine v Whalen
 
 (39 NY2d 510), we upheld the statutory standard of Public Health Law § 2800, " 'to provide for the protection and promotion of the health of the inhabitants of the state’ ”
 
 (id.,
 
 at 516 [quoting Public Health Law § 2800]). And in
 
 Matter of Chemical Specialities Mfrs. Assn. v Jorling
 
 (85 NY2d 382,
 
 rearg denied
 
 85 NY2d 1033), we found valid the promulgation of a regulation adding products with a high concentration of "DEBT” to the list of restricted use pesticides, under the legislative guideline " 'pesticide[s] * * * [w]hich the Commissioner
 
 finds
 
 [are] so hazardous to man or other forms of life that restrictions on [their] sale, purchase, use, or possession are in the public interest’ ”
 
 (id.,
 
 at 392 [quoting ECL 33-0101 (42) (b)] [emphasis and alterations in original]). We noted in
 
 Matter of Levine v Whalen (supra)
 
 that the legislative body has considerable latitude in determining the reasonable and practicable point of generality in adopting a standard for administrative action and, thus, "a reasonable amount of discretion may be delegated to the administrative officials” (39 NY2d, at 515-516;
 
 see also, Matter of City of Utica v Water Pollution Control Bd.,
 
 5 NY2d 164, 169).
 
 [1]
 

 
 *408
 
 The reliance of the courts below on
 
 Matter of Nicholas v Kahn
 
 (47 NY2d 24), to reach a different conclusion, is misplaced. In
 
 Nicholas v Kahn (supra), neither
 
 the Legislature
 
 nor
 
 the administrative agency had provided, by statute or legislative rule making,
 
 any
 
 standard for the agency’s chairman in exercising authority to exempt an employee from application of the agency’s conflict of interest rules; thus, exemptions were subject to untrammeled, unreviewable discretion
 
 (see, id.,
 
 at 33-34).
 

 In contrast to
 
 Matter of Nicholas v Kahn (supra),
 
 under Local Law 14, as we have explained, the statutory delegation itself provides an adequate objective, intelligible standard for administrative action by way of legislative rule making. That such rule making necessarily entails an agency fact-finding component does not alter this conclusion
 
 (see, Matter of Chemical Specialties Mfrs. Assn. v Jorling, supra,
 
 85 NY2d, at 392;
 
 Matter of City of Utica v Water Pollution Control Bd., supra,
 
 5 NY2d, at 169-170).
 

 We find no alternative basis for overturning the Panel’s final street vending rule. We have said that, with respect to the exercise of an administrative agency’s legislative rule-making power "the party seeking to nullify such a regulation has the heavy burden of showing that the regulation is unreasonable and unsupported by any evidence”
 
 (Matter of Consolation Nursing Home v Commissioner of N. Y. State Dept. of Health,
 
 85 NY2d 326, 331-332). That position is consistent with general principles of American administrative law. "For present purposes, it is sufficient to say that the judicial deference to be accorded a legislative rule is a strong form of deference attributable to the fact that the agency is exercising legislative power granted it by Congress using the procedures Congress authorized for that purpose” (1 Davis and Pierce, Administrative Law Treatise § 6.3, at 242 [3d ed]).
 

 Petitioners have failed to meet their heavy burden of demonstrating the invalidity of the final rule under the foregoing standard. Significantly, the petition itself does not even assert a claim that there was no evidence in the record to support the over-all adoption of the final rule by the Panel.
 
 [2]
 
 Moreover, contrary to the view of the Appellate Division, it was not neces
 
 *409
 
 sary for the Panel to engage in additional formal fact finding (unrequired by Local Law 14) before promulgating its final rule in the exercise of its delegated legislative rule-making authority
 
 (see, Matter of Chemical Specialities Mfrs. Assn. v Jorling, supra,
 
 85 NY2d, at 392).
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the petition dismissed.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Cipabick and Wesley concur.
 

 Order reversed, etc.
 

 [1]
 

 . As illustrative of this principle, the Court in
 
 Matter of Levine v Whalen (supra)
 
 alluded to other similarly general statutory standards as valid legislative delegations for administrative rule making, such as "public interest, convenience, or necessity” for rules under the Federal Communications Act
 
 *408
 
 and "public convenience and advantage” governing the issuance of liquor licenses (39 NY2d, at 517 [citing
 
 National Broadcasting Co. v United States, 319
 
 US 190, 225-226;
 
 Martin v State Liq. Auth.,
 
 15 NY2d 707]).
 

 [2]
 

 . This observation is accentuated by the fact that the petition alludes to only two instances, out of some 60 street vending restrictions in the final
 
 *409
 
 rule, where it is claimed that the Panel’s determination lacked evidentiary support. Petitioners, however, have not directed their challenge to those two restricted locales, nor did they submit record evidence to substantiate the claim.