■ In the Matter of MAYFAIR CARE CENTER, INC., Appellant, v BARBARA DEBUONO et al., Respondents. [714 NYS2d 243] —In a proceeding pursuant to CPLR article 78 to review the respondents' determinations, dated September 5, 1996, and May 27, 1997, respectively, concerning the petitioner's reimbursement rate, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Lockman, J.), dated June 30, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

An administrative determination must be accepted by the courts " 'if it has "warrant in the record" and a reasonable basis in law' " (*Matter of Howard v Wyman,* 28 NY2d 434, 438, quoting *National Labor Relations Bd. v Hearst Publs.,* 322 US 111, 131). " 'The judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body' " (*Matter of Howard v Wyman, supra,* at 438, quoting *Rochester Tel. Corp. v United States,* 307 US 125, 146).

In reviewing rate-setting actions, which are quasi-legislative in nature, a court will intervene only "upon a compelling showing that the calculations from which [they] derived were unreasonable" (*Matter of Catholic Med. Ctr. v Department of Health,* 48 NY2d 967, 968; *see, Matter of Society of N. Y. Hosp. v Axelrod,* 70 NY2d 467, 473). "An agency's interpretation of a statute is entitled to considerable deference by a reviewing court particularly where, as here, the interpretation also implicates the agency's highly technical knowledge and understanding of complex operational procedures and practices" (*Ellis Ctr. for Long Term Care v DeBuono,* 261 AD2d 791, 794; *see, Matter of Home Care Assn. v Bane,* 218 AD2d 106, 109).

Contrary to the petitioner's contention, the respondents' de-

termination to use the average of the quarterly patient mix assessments to establish the first-year base rate for the new owner of a residential health care facility as a necessary predicate to the establishment of reimbursement rates was rational and therefore should not be disturbed.

The petitioner's remaining contentions are without merit. Santucci, J. P., Sullivan, McGinity and Luciano, JJ., concur.