■ In the Matter of GLEN ISLAND CARE CENTER, Appellant, v ANTONIA NOVELLO et al., Respondents. [783 NYS2d 637]—

In a proceeding pursuant to CPLR article 78, inter alia, to review two determinations of the respondents establishing (1) the 1987 rate of return on equity component of the Medicaid reimbursement formula, and (2) reimbursement rates for the petitioner as caretaker of a residential health care facility, the petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County (LaCava, J.), entered February 19, 2003, as denied those branches of the petition relating to the two determinations and dismissed those portions of the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court correctly dismissed the petitioner's claim that the respondent New York State Department of Health (hereinafter the DOH) improperly reduced the 1987 rate of return on equity component of the petitioner's Medicaid reimbursement formula. Rate-setting actions of the Commis-

sioner of the DOH, being quasi-legislative in nature, may not be "annulled except upon a compelling showing that the calculations from which [they] derived were unreasonable" (*Matter of Catholic Med. Ctr. of Brooklyn & Queens v Department of Health of State of N.Y.,* 48 NY2d 967, 968 [1979]; *see Matter of Mayfair Care Ctr. v DeBuono,* 276 AD2d 557 [2000]; *cf. New York State Assn. of Counties v Axelrod,* 78 NY2d 158, 166 [1991]; *Matter of United Home for Aged Hebrews v Axelrod,* 201 AD2d 656, 658 [1994]). "A petitioner attempting to challenge the reasonableness of [agency] rate-setting action bears the burden of demonstrating that the adopted methodology is without a rational basis" (*Matter of Sylcox v DeBuono,* 267 AD2d 850, 851 [1999] [internal quotation marks omitted]; *Matter of Patterson SNF v Chassin,* 196 AD2d 155, 159 [1994]; *see Matter of UCP-Bayview Nursing Home v Novello,* 2 AD3d 643, 646 [2003]).

Before establishing the 1987 rate that is the subject of this proceeding, the DOH had consistently determined the rate of return on equity component of the Medicaid reimbursement formula on the basis of the Medicare rate of return on equity established by the federal government for the previous two-year period. The petitioner contends that the DOH acted arbitrarily and capriciously by eliminating, without explanation, the two-year "lag" period and applying the federal Medicare rate of return on equity to the Medicaid reimbursement rate immediately. Contrary to the petitioner's contention, the DOH action was a reasonable response to changes in the federal funding methodology for the Medicare program resulting from the Comprehensive Omnibus Budget Reconciliation Act of 1985 (hereinafter COBRA) (*see* 42 USC § 1395x [v] [1] [B]), as a result of which the Medicare rate of return on equity was reduced by one third. Although the DOH is prohibited by statute from setting rates retroactively (*see* Public Health Law § 2807 [7]), and its attempt to eliminate the two-year lag for 1986 was set aside on this basis (*see Birchwood Nursing Home v Axelrod,* Sup Ct, Albany County, June 10, 1988, Index No. 2265/88), nothing in the applicable statutes or regulations requires the two-year lag, as alleged by the petitioner. Thus, even though the Medicare rate of return on equity for the years that would previously have served as base years for the purpose of setting the rates at issue here were not affected by COBRA, it was not irrational, arbitrary, or capricious for the DOH to determine that the substantial changes in the Medicare rate of return, to which its Medicaid rates were already linked, should apply immediately to the Medicaid reimbursement methodology.

The Supreme Court also correctly determined that the DOH

properly compensated the petitioner for its operation of the facility as caretaker. The petitioner received all of the compensation by way of fees, loans pursuant to Public Health Law §§ 2806-b and 2810, and reimbursement for patient care services through established reimbursement rates to which it was entitled as caretaker and receiver under the agreement with the DOH. It failed to show entitlement to anything in addition to those sums and, accordingly, its contention in this regard is without merit. Smith, J.P., Krausman, Crane and Spolzino, JJ., concur.