In the Matter of NEW YORK STATE TENANTS & NEIGHBORS COALITION, INC., et al., Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents, and APARTMENT HOUSE COUNCIL OF NASSAU COUNTY, INC., et al., Intervenors-Respondents. [796 NYS2d 371]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Nassau County Rent Guidelines Board, dated June 12, 2003, which, at an open meeting, adopted rent adjustment guidelines pursuant to Emergency Tenant Protection Act of 1974 § 4 (b) (L 1974, ch 576, § 4), and a determination of the Chairperson of the Nassau County Rent Guidelines Board, dated September 25, 2003, certifying the guidelines adopted at the June 12, 2003 meeting, the petitioners appeal (1) from a judgment of the Supreme Court, Nassau County (DeMaro, J.), dated December 3, 2003, which denied the petition and dismissed the proceeding and (2), as limited by their brief, from so much of an order of the same court dated

February 4, 2003, as, upon reargument, adhered to the original determination.

Ordered that the judgment is modified by deleting the provision thereof denying the petition and substituting therefor a provision granting the petition to the extent of remitting the matter to the Nassau County Rent Guidelines Board for the adoption of findings relating to the 2002 calendar year, as required under Emergency Tenant Protection Act § 4 (b), and otherwise denying the petition; as so modified, the judgment is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from the order is dismissed, without costs or disbursements, as academic, in light of our determination of the appeal from the judgment.

At a public meeting held on June 12, 2003, the respondent Nassau County Rent Guidelines Board (hereinafter the Board), by a vote of five to three, adopted rent adjustment guidelines of 5% for one-year leases commencing between October 1, 2003, and September 30, 2004, and 8% for two-year leases commencing within the same time period. A meeting of the Board was scheduled for September 25, 2003, inter alia, to approve the draft minutes of the June 12, 2003, meeting. However, after it appeared that two of the Board members intended not to approve the minutes, another Board member walked out before the beginning of the meeting, thereby breaking the quorum. As a result, the Board conducted no business that day. Nevertheless, on September 25, 2003, the Chairperson of the Board, relying on the vote and adoption of the rent adjustment guidelines at the June 12, 2003, meeting, prepared and personally certified a document entitled Guideline Number 38 (hereinafter the Guideline) for submission to the respondent New York State Division of Housing and Community Renewal (hereinafter DHCR). The Guideline consisted of two parts. Part I set forth the rent adjustment percentages adopted by the Board at the meeting of June 12, 2003. Part II, entitled "Statement and Findings," contained a detailed recitation of the issues considered by the Board in making its determination, along with a list of the categories of documents and other information reviewed by the Board in connection with each issue.

The petitioners, which include a tenants' association as well as individual tenants who are subject to the Guideline, commenced this proceeding challenging the adoption of the rent adjustment percentages on June 12, 2003, and the subsequent certification of the Guideline on September 25, 2003. The Supreme Court denied the petition and dismissed the proceeding.

Emergency Tenant Protection Act (hereinafter ETPA) § 4 (b) requires the Board to establish annual guidelines for rent adjustments. In determining whether any adjustment for the following year is warranted, the statute requires the Board to consider, among other things, the economic condition of the residential real estate industry in the affected area, relevant data from the current and projected cost of living indices for the affected area, and such other data as may be made available to it (*see* ETPA § 4 [b]). Additionally, on or before July 1st of each year, the Board is required to file with the DHCR its "findings for the preceding calendar year" and to "accompany such findings with a statement of the maximum rate or rates of rent adjustment . . . authorized for leases or other rental agreements commencing during the next succeeding twelve months" (*id.*).

The petitioners do not contend that the Board failed to consider any of the mandated factors before adopting, at its June 12, 2003, meeting, the maximum rates of rent adjustment for the 12-month period beginning on October 1, 2003. Rather, they argue only that the Board failed to include, as part of the Guideline certified on September 25, 2003, any specific findings "for the preceding [*i.e.*, 2002] calendar year" (ETPA § 4 [b]), and contend that the failure to include such findings invalidates the Guideline.

The Board and the DHCR, in contrast, contend that Part II of the Guideline contains "findings" sufficient to meet the requirements of ETPA § 4 (b). To reach this conclusion, the Board and the DHCR interpret "findings for the preceding calendar year," as used in ETPA § 4 (b), to mean a generic list of the types of data, materials, and other information reviewed and relied upon each year by the Board in determining whether a rent adjustment is warranted. The Chairperson of the Board, in an affidavit, averred that because the type of information reviewed by the Board does not change from year to year, Part II of the Guideline has remained essentially unchanged for several years, "[e]xcept for adding a year as the guideline year changes."

The Board's interpretation of the words "findings for the preceding calendar year" is neither rational nor reasonable, and we decline to uphold it (*cf. Matter of Howard v Wyman*, 28 NY2d 434, 438 [1971]). While recognizing that the Board performs quasi-legislative functions, and that the definition of "findings" in this context must be read more broadly than the type of specific "finding of fact" more traditionally associated with judicial functions, we cannot agree with the Board that the concept of "findings" can be equated with a generic list of items

so broad as to remain virtually unchanged over a period of several years. Accordingly, we agree with the petitioners that the Guideline does not contain "findings for the preceding calendar year," as required under ETPA § 4 (b).

Moreover, neither the draft minutes of the Board's June 12, 2003, meeting nor the tape recording of that meeting reflect that the Board adopted any findings; rather, it voted only on the maximum rates of rent adjustment reflected in Part I of the Guideline. In fact, of the nine rent adjustment proposals made at the June 12, 2003, meeting, which ranged from a 0% to 8.5% increase on one-year leases to a 1.5% to 11.5% increase on two-year leases, only a few were preceded by statements explaining the reasons for the proposed increase. No such statement accompanied the proposal that was ultimately adopted at the June 12, 2003, meeting. Under these circumstances, we conclude that the Board did not adopt any findings at the June 12, 2003, meeting.

Thus, the petitioners are correct in asserting that the Board has failed to submit to the DHCR, along with the Guideline, any "findings for the preceding calendar year." It does not follow, however, that the Board's failure to adopt findings renders the Guideline invalid. The statutory factors that the Board must consider in making a rent adjustment determination are spelled out in ETPA § 4 (b), and include the economic condition of the residential real estate market and relevant cost-of-living data. The failure to consider any of those factors is fatal (*see Incorporated Vil. of Great Neck Plaza v Nassau County Rent Guidelines Bd.*, 60 AD2d 593 [1977]). In contrast, where, as here, the Board arrived at a determination through a proper consideration of the relevant factors, its subsequent failure, by July 1st, to file findings for the previous calendar year is not fatal to the validity or effectiveness of a rent adjustment (*cf.* ETPA § 4 [b] [rent adjustments established by a county rent guideline board become effective for leases commencing on Oct. 1st of each year "whether or not the board has filed its findings" by July 1st]). Accordingly, the proper remedy in this case is not to annul the Guideline, as the petitioners request, but to remit the matter to the Board for the adoption of "findings" in compliance with ETPA § 4 (b).

The parties' remaining contentions are without merit. S. Miller, J.P., Ritter, Crane and Fisher, JJ., concur.