■ In the Matter of APARTMENT HOUSE COUNCIL OF NASSAU COUNTY, INC., et al., Appellants, v NASSAU COUNTY RENT GUIDE-LINES BOARD et al., Respondents. [861 NYS2d 111]—

In a proceeding pursuant to CPLR article 78 to review (1) a determination of the respondent Nassau County Rent Guidelines Board dated June 27, 2006, made at an open meeting, adopting rent adjustment guidelines pursuant to the Emergency Tenant Protection Act of 1974 (ETPA) § 4 (b) (McKinney's Uncons Laws of NY § 8624 [b] [L 1974, ch 576]), and (2) a determination of the Chairperson of the Nassau County Rent Guidelines Board dated October 3, 2006 certifying the guidelines adopted at the June 27, 2006 meeting, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Palmieri, J.), entered May 10, 2007, which denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with one bill of costs.

The Nassau County Rent Guidelines Board (hereinafter the Board), responsible pursuant to Emergency Tenant Protection Act of 1974 (ETPA) § 4 (b) (McKinney's Uncons Laws of NY § 8624 [b]) for establishing allowable increases in regulated rent each year, promulgated guideline 41 in 2006. Guideline 41 provides that for leases commencing between October 1, 2006 and September 30, 2007, the allowable rent adjustments are 2.25% for one-year lease renewals and 4.25% for two-year lease renewals. Within the Village of Hempstead, the allowable adjustments are 0.5% for one-year lease renewals and 1.0% for two-year lease renewals. The petitioners commenced this proceeding to review guideline 41, contending that the findings of the Board are inadequate, and that the Board failed to explain the reasons for the guideline 41 rent adjustments.

Since the Board performs a quasi-legislative function, the findings required by the statute must be read more broadly than the findings of fact traditionally associated with judicial functions (*see Matter of New York State Tenants & Neighbors Coalition, Inc. v New York State Div. of Hous. & Community Renewal,* 18 AD3d 875, 877 [2005]). Contrary to the petitioners' contentions, the statement and findings of the Board here are more than "a generic list of items so broad as to remain virtually unchanged over a period of several years" (*id.* at 877-878). The explanatory statement meets the requirement that the Board set forth findings for the preceding year, detailing the material that the Board reviewed pertaining to owner income and expenses, economic conditions, and cost of living. The Board made separate, specific findings regarding the Village of Hempstead.

The ultimate weight and significance to be given to the data is within the discretion of the Board (*see Incorporated Vil. of Great Neck Plaza v Nassau County Rent Guidelines Bd.,* 60 AD2d 593, 594 [1977]), which is not confined to factual data but may also apply to broader judgmental considerations based on its expertise (*see Stein v Rent Guidelines Bd. for City of N.Y.,* 127 AD2d 189, 198 [1987]).

Since the Board's determination has a rational basis, it was properly upheld (*see* CPLR 7803 [3]; *Matter of Big Apple Food Vendors' Assn. v Street Vendor Review Panel,* 90 NY2d 402, 408 [1997]; *Matter of Glen Is. Care Ctr. v Novello,* 11 AD3d 612, 613 [2004]; *Matter of Mayfair Care Ctr. v DeBuono,* 276 AD2d 557 [2000]; *Stein v Rent Guidelines Bd. for City of N.Y.,* 127 AD2d at 194-195).

The petitioners' remaining contention is without merit. Rivera, J.P., Ritter, Miller and Dillon, JJ., concur.