■ In the Matter of RALEX SERVICES, INC., Doing Business as GLEN ISLAND CARE CENTER, Petitioner, v NIRAV R. SHAH, M.D., M.P.H., as Commissioner of the New York State Department of Health, et al., Respondents. [44 NYS3d 170]—

Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Health dated October 1, 2013, which adopted the findings of fact of an administrative law judge, made after a hearing, and denied the petitioner's Medicaid reimbursement rate appeal.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner, Ralex Services, Inc., doing business as Glen Island Care Center, located in New Rochelle, Westchester County, challenged a determination of the New York State Department of Health (hereinafter the DOH) denying its request for an adjustment in its Medicaid reimbursement rates for the years 1989 through 2002, and going forward. After a hearing before an administrative law judge, the Commissioner of the DOH (hereinafter the Commissioner) denied the request, based on its determination that the petitioner's Medicaid reimbursement rate was properly computed in accordance with the petitioner's inclusion in the Westchester region, 1 of 16 geographic regions utilized by the DOH to determine Medicaid

reimbursement rates (*see* 10 NYCRR 86-2.10, 86-2.40 [j]; *Matter of United Home for Aged Hebrews v Axelrod*, 201 AD2d 656, 657 [1994]). The petitioner commenced this proceeding pursuant to CPLR article 78 to review the Commissioner's determination. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).

Contrary to the petitioner's contention, the Commissioner's determination, made after a hearing, was supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181 [1978]; *Matter of Whittier Health Servs., Inc. v Pospesel*, 133 AD3d 1176, 1177 [2015]; *Matter of Promesa, Inc. v New York State Dept. of Health*, 204 AD2d 179, 179-180 [1994]). Generally, rate-setting actions of the DOH " 'may not be annulled except upon a compelling showing that the calculations from which [they were] derived were unreasonable' " (*Matter of Nazareth Home of the Franciscan Sisters v Novello*, 7 NY3d 538, 544 [2006], quoting *Matter of Society of N.Y. Hosp. v Axelrod*, 70 NY2d 467, 473 [1987]; *cf. Matter of Marzec v DeBuono*, 95 NY2d 262, 266 [2000]). The DOH is "entitled to a high degree of judicial deference, especially when . . . act[ing] in the area of its particular expertise, and thus petitioners bear the heavy burden of showing that [the] DOH's rate-setting methodology is unreasonable and unsupported by any evidence" (*Matter of Nazareth Home of the Franciscan Sisters v Novello*, 7 NY3d at 544 [internal quotation marks omitted]). Thus, a petitioner attempting to challenge the reasonableness of a rate-setting action by the DOH bears the burden of demonstrating that the adopted methodology is without a rational basis (*see Matter of Glen Is. Care Ctr. v Novello*, 11 AD3d 612, 613 [2004]; *Matter of UCP-Bayview Nursing Home v Novello*, 2 AD3d 643, 646 [2003]).

Here, the petitioner, in seeking inclusion in the New York City region rather than the Westchester region for purposes of calculating its Medicaid reimbursement rates, contended that it was similarly situated to a few other nursing home facilities in New Rochelle that the DOH had previously deemed to be part of the New York City region. At the hearing, the petitioner's evidence failed to demonstrate, inter alia, that its overall labor costs were comparable to the few nursing home facilities located in New Rochelle that had previously been deemed a part of the New York City region, or comparable to facilities that were actually located within the New York City region. Additionally, the DOH presented evidence demonstrating, among other things, that the petitioner's overall labor costs were not dissimilar to those of other facilities in Westchester

County, and were lower than the facilities in New Rochelle that had been deemed to be part of the New York City region. Upon our review of the record as a whole, we find that substantial evidence supports the Commissioner's determination that the petitioner's Medicaid reimbursement rate was properly computed in accordance with its placement in the Westchester region (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 181; *Matter of Glen Is. Care Ctr. v Novello*, 11 AD3d at 613; *cf. Matter of Lakeland Water Dist. v Onondaga County Water Auth.*, 24 NY2d 400, 407 [1969]; *Matter of Promesa, Inc. v New York State Dept. of Health*, 204 AD2d at 179-180; *Matter of United Home for Aged Hebrews v Axelrod*, 201 AD2d 656 [1994]). Hall, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.