OPINION OF THE COURT
 

 Levine, J.
 

 Plaintiffs-appellants are two female inmates sentenced to a State correctional facility upon violent felony convictions. At present, both are ineligible for participation in any temporary release program solely as a result of Governor Pataki’s Executive Order No. 5.1 (9 NYCRR 5.5), issued pursuant to a 1995 amendment to Correction Law § 851 (2)
 
 (see, L
 
 1995, ch 3, § 29). The amendment provided that: "The governor, by executive order, may exclude or limit the participation of any class of otherwise eligible inmates from participation in a temporary release program”
 
 (id.).
 
 Executive Order No. 5.1 absolutely bars from temporary release eligibility "any inmate sentenced as a violent felony offender convicted of a crime involving the infliction of serious physical injury, the use or threatened use of a dangerous instrument or the use or threatened use of a deadly weapon” (9 NYCRR 5.5).
 

 Supreme Court (167 Misc 2d 329) and the Appellate Division (228 AD2d 4) rejected plaintiffs’ separation of powers challenge
 
 *699
 
 to the constitutionality of chapter 3, § 29 of the Laws of 1995. Plaintiffs appealed as of right
 
 (see,
 
 CPLR 5601 [b] [1]), and we now affirm.
 

 Plaintiffs rely on two alternative theories to support their contention that, under separation of powers doctrine, the 1995 amendment to Correction Law § 851 (2) unconstitutionally delegates the fundamental law-making power of the Legislature
 
 (see,
 
 NY Const, art III, § 1) to the Governor. First, they argue that chapter 3, § 29 is invalid because it delegates directly to the Governor the power to make the policy choices of adding additional classes of inmates to those statutorily ineligible for participation in one or more temporary release programs. Plaintiffs suggest that, while such a delegation of rulemaking authority might possibly have been justified had it been conferred upon an administrative agency or executive department with special expertise in the field of corrections, this validation rationale cannot apply to a direct delegation to the Governor, who lacks such special expertise. We find this argument unpersuasive.
 

 We previously have recognized that executive or administrative rulemaking may entail some policy selectivity without offending separation of powers doctrine, so long as the basic policy choices have been made and articulated by the Legislature
 
 (see, Bourquin v Cuomo,
 
 85 NY2d 781, 785). The Legislature is free to announce its policy in general terms and authorize administrators "to fill in details and interstices and to make subsidiary policy choices consistent with the enabling legislation”
 
 (Matter of Citizens For An Orderly Energy Policy v Cuomo,
 
 78 NY2d 398, 410,
 
 rearg denied
 
 79 NY2d 851).
 

 Here, the Legislature set over-all policy regarding temporary release programs. It expressly declared that further regulatory implementation of temporary release programs may be necessary and that the Commissioner of Correctional Services, in reviewing existing regulations and promulgating new ones, was to be "guided by consideration for the safety of the community and the welfare of the inmate” (Correction Law § 852 [1]). Plaintiffs have not claimed that Executive Order No. 5.1 is inconsistent with that declared legislative policy. It is of no moment that the foregoing articulation of general policy regarding temporary release programs was directed toward the Governor’s appointed Commissioner of Correctional Services and not reiterated when the Governor was given similar rule-making authority in chapter 3, § 29 of the Laws of 1995. We rejected a similar complaint in
 
 Clark v Cuomo
 
 (66 NY2d 185),
 
 *700
 
 holding that an Executive Order from the Governor to various State agencies to participate in a plan to facilitate voter registration was validly based upon a prior legislative policy directive to
 
 an administrative agency,
 
 i.e., the State Board of Elections, " 'to encourage the broadest possible voter participation in elections’ ”
 
 (id.,
 
 at 190, quoting Election Law § 3-102 [13];
 
 see, Bourquin v Cuomo, supra,
 
 85 NY2d, at 786;
 
 see also, Matter of 241 E. 22nd St. Corp. v City Rent Agency,
 
 33 NY2d 134, 142-143 [preamble statement of general legislative policy in the statute "necessarily circumscribed” administrator’s discretion in whether to approve new more stringent rent control regulations]).
 

 Nor is it significant for separation of powers analysis that the legislative delegation of rulemaking authority went directly to the Governor rather than to the Commissioner of Correctional Services or some other experienced administrator. The Commissioner of Correctional Services is fully answerable to the Governor and serves at his pleasure. "Within our tripartite governmental framework, the Governor, as chief exr ecutive officer, has the responsibility to manage the operations of the divisions of the executive branch, including the Department of Correctional Services”
 
 (Matter of New York State Inspection, Sec. & Law Enforcement Empls. v Cuomo,
 
 64 NY2d 233, 239).
 

 The Legislature is free not only to delegate rulemaking powers to a specialized administrative body appointed by the Governor, but to substitute the Governor for that body.
 

 "This law provides for the appointment of [civil service] Commissioners and, as has been stated, for the establishment of rules. The Legislature had power to make the Governor one of the Commission or possibly
 
 to make him the sole Commis
 
 sioner”
 
 (Matter of Booker v Reavy,
 
 281 NY 318, 321 [emphasis supplied]).
 

 In
 
 Touby v United States
 
 (500 US 160), Justice O’Connor, in a separation of powers holding on which the entire Supreme Court was in agreement, rejected a similar objection to congressional delegation to the Attorney General of authority to temporarily add previously unlisted drugs to the schedule of illegal controlled substances under the Federal criminal antinarcotics laws.
 

 "This argument has no basis in our separation-of-
 
 *701
 
 powers jurisprudence. The principle of separation of powers focuses on the distribution of powers
 
 among
 
 the three coequal Branches [emphasis in original; citation omitted];
 
 it does not speak to the manner in which authority is parceled out within a single Branch.
 
 The Constitution vests all executive power in the President, U.S. Const., Art. II, § 1, and it is the President to whom both the Secretary and the Attorney General report.
 
 Petitioners’ argument that temporary scheduling authority should have been vested in one executive officer rather than another does not implicate separation-of-powers concerns',
 
 it merely challenges the wisdom of a legitimate policy judgment made by Congress”
 
 (id.,
 
 at 167-168 [emphasis supplied]).
 

 (See also, Loving v United States,
 
 517 US 748, 773-774 [upholding congressional delegation to the President (as Commander-in-Chief of the Armed Forces) of the power to prescribe additional aggravating factors before the death penalty can be imposed for murder in courts-martial under the Uniform Code of Military Justice].)
 

 We also reject plaintiffs’ alternative theory of invalidity, that the 1995 amendment to Correction Law § 851 (2) in chapter 3, § 29, is invalid because it lacks appropriate standards for the Governor’s exercise of the delegated power to add to the classes of inmates ineligible for temporary release. As we have already noted, the statute explicitly directs that additional regulation of inmate participation in temporary release programs is to be
 
 "guided
 
 by consideration for the safety of the community and the welfare of the inmate” (Correction Law § 852 [1] [emphasis supplied]). Earlier in this term, in
 
 Matter of Big Apple Food Vendors’ Assn. v Street Vendor Review Panel
 
 (90 NY2d 402, 407), we upheld the adequacy of a statutory standard for prohibiting street vending on certain street locations in New York City based upon public safety concerns arising from traffic congestion. The community safety criterion here falls well within the parameters of our holding in
 
 Matter of Big Apple Food Vendors’ Assn. v Street Vendor Review Panel
 
 concerning the adequacy of general legislative standards for administrative or executive action or rulemaking, and of our earlier precedents on that subject
 
 (see, Matter of Chemical Specialties Mfrs. Assn. v Jorling,
 
 85 NY2d 382,
 
 rearg denied
 
 85 NY2d 1033;
 
 Matter of Levine v Whalen,
 
 39 NY2d 510;
 
 Martin v State Liq. Auth.,
 
 15 NY2d 707;
 
 Matter of
 
 
 *702
 

 City of Utica v Water Pollution Control Bd.,
 
 5 NY2d 164). Hence, this objection is also unavailing.
 

 Accordingly, the order of the Appellate Division should be affirmed, without costs.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Ciparick and Wesley concur.
 

 Order affirmed, without costs.