■ KENNETH P. LAVALLE et al., Appellants, v CARL T. HAYDEN et al., Respondents. [724 NYS2d 190] —In an action, *inter alia,* for a judgment declaring that the joint ballot provisions set forth in Education Law § 202 (1) and (2), which govern the election of members of the Board of Regents of the University of the State of New York, violate article XI of the New York State Constitution, the plaintiffs appeal, as limited by their brief, from stated portions of an order and judgment (one paper), of the Supreme Court, Suffolk County (Oshrin, J.), dated September 30, 1999, which, *inter alia,* granted the motion of the defendants State of New York and Alexander F. Treadwell, and the separate motion of the remaining defendants, for summary judgment dismissing the complaint insofar as asserted against them, denied the plaintiffs' cross motion for summary judgment, and declared that the joint ballot provisions set forth in Education Law § 202 (1) and (2) do not violate article XI of the New York State Constitution.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The facts of this case are fully set forth in the decision of the Supreme Court (*see, LaValle v Hayden,* 182 Misc 2d 409). Briefly, the plaintiffs commenced this action to challenge the validity of the alternative joint ballot provisions of Education Law § 202 (1) and (2), which require the two houses of the State Legislature to meet in a joint session and elect the members of the Board of Regents of the University of the State of New York (hereinafter the Board of Regents) by a joint ballot if the legislators fail to agree on a concurrent resolution. The issue on appeal is whether the challenged provisions violate article XI, §§ 1 and 2 of the New York State Constitution.

As a threshold matter, there is a strong presumption that a statute duly enacted by the Legislature is constitutional (*see, People v Pagnotta,* 25 NY2d 333, 337). Although that presumption is rebuttable, the challenging party must demonstrate that the statute is invalid beyond a reasonable doubt (*see, People v Tichenor,* 89 NY2d 769, 773, *cert denied* 522 US 918; *Paterson v University of State of N. Y.,* 14 NY2d 432, 438;

*Anthony v Town of Brookhaven,* 190 AD2d 21, 25). In this case, the plaintiffs failed to sustain their burden of proving beyond a reasonable doubt that the alternative joint ballot provisions set forth in Education Law §§ 202 (1) and (2) violate article XI, §§ 1 and 2 of the New York State Constitution.

Contrary to the plaintiffs' contention, the Senate and the Assembly constitute the State Legislature regardless of whether the legislators meet in a joint session (unicamerally) or two separate houses (bicamerally). Although the Legislature must act bicamerally to enact laws, it may act unicamerally to perform other functions, such as appointing the members of the Board of Regents (*see,* NY Const, art III, §§ 1, 14; *Matter of Anderson v Krupsak,* 40 NY2d 397, 406; *Marino v Weprin,* 155 Misc 2d 276, *affd* 192 AD2d 174). Moreover, the New York State Constitution does not prohibit the Legislature from delegating the power of appointment to its own members sitting in a joint session where, as here, there are reasonable safeguards and standards to guide them (*see, Dorst v Pataki,* 90 NY2d 696; *Matter of Levine v Whalen,* 39 NY2d 510). Nor is there any indication in the plain language of article XI, § 2 or its legislative history that the framers intended to continue or prohibit any particular method or historical practice for electing the members of the Board of Regents. O'Brien, J. P., S. Miller, Smith and Crane, JJ., concur.