■ MARY McKINNEY et al., Appellants, v COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [840 NYS2d 6]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered on or about March 9, 2007, which, in an ac-

tion challenging the constitutionality of the legislation establishing the Commission on Health Care Facilities in the 21st Century (L 2005, ch 63, part E, § 31), granted defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint, unanimously affirmed, without costs.

We reject defendants' arguments that the individual plaintiff does not have taxpayer standing under State Finance Law § 123-b (1) (*see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 813-814 [2003], *cert denied* 540 US 1017 [2003] [claim that it is illegal to spend money at all for questioned activity likely provides taxpayer standing]), and that Westchester Square Medical Center (WSMC), on which the individual plaintiff allegedly depends for medical care but which chose not to participate in the action after being notified thereof, would be inequitably affected by a judgment or is otherwise a necessary party (CPLR 1001 [a]; *cf. Matter of Castaways Motel v Schuyler*, 24 NY2d 120, 125 [1969], *adhered to on rearg* 25 NY2d 692 [1969]; *Kronish Lieb Weiner & Hellman LLP v Tahari, Ltd.*, 35 AD3d 317 [2006]). In view of the foregoing, we need not address the issue of plaintiffs' standing under the common law. However, we also reject plaintiffs' argument that the subject legislation unconstitutionally delegated the Legislature's lawmaking power to the executive branch, and accordingly affirm dismissal of the action. Enabling statutes even broader than this one have been found constitutional (*see e.g. Matter of Medical Socy. of State of N.Y. v Serio*, 100 NY2d 854, 864-865 [2003]; *Boreali v Axelrod*, 71 NY2d 1, 9 [1987]). Having made the basic policy choice that some hospitals and nursing homes needed to be closed and others needed to be resized, consolidated, converted, or restructured, the legislation permissibly authorized the Commission " 'to fill in details and interstices and to make subsidiary policy choices consistent with the enabling legislation' " (*Dorst v Pataki*, 90 NY2d 696, 699 [1997], quoting *Matter of Citizens For An Orderly Energy Policy v Cuomo*, 78 NY2d 398, 410 [1991]; *see also Medical Socy.*, 100 NY2d at 865). Concur—Friedman, J.P., Nardelli, Buckley, Sweeny and Malone, JJ. [*See* 15 Misc 3d 743 (2007).]