Delco Dev. Co. of Hicksville, L.P. v Curran (2025 NY Slip Op 01205)

Delco Dev. Co. of Hicksville, L.P. v Curran

2025 NY Slip Op 01205

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2021-05368
 (Index No. 612350/18)

[*1]Delco Development Co. of Hicksville, L.P., respondent, 
v
Laura Curran, etc., et al., appellants, et al., defendants.

Thomas A. Adams, County Attorney, Mineola, NY (Laurel R. Kretzing, Robert F. Van der Waag, and Pollack, Pollack, Isaac & DeCicco, LLP [Brian J. Isaac], of counsel), for appellants Laura Curran, David F. Moog, Beaumont Jefferson, Nassau County Department of Assessment, Nassau County Legislature, and County of Nassau.
Herman Katz Cangemi Wilkes & Clyne, LLP, Melville, NY (Warren M. Dubitsky, Jacquelyn L. Mascetti, and Jay M. Herman of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that section 6-41.0 of the Nassau County Administrative Code is unconstitutional, the defendants Laura Curran, David F. Moog, Beaumont Jefferson, Nassau County Department of Assessment, Nassau County Legislature, and County of Nassau appeal, and the defendant Hicksville Union Free School District separately appeals, from a judgment of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered July 22, 2021. The judgment, insofar as appealed from by the defendants Laura Curran, David F. Moog, Beaumont Jefferson, Nassau County Department of Assessment, Nassau County Legislature, and County of Nassau, upon an order of the same court (Stephen A. Bucaria, J.) entered April 22, 2020, among other things, granting those branches of the plaintiff's motion which were, in effect, for summary judgment on the first and second causes of action and declaring that section 6-41.0 of the Nassau County Administrative Code is unconstitutional, and denying those branches of the cross-motion of the defendants Laura Curran, David F. Moog, Beaumont Jefferson, Nassau County Department of Assessment, Nassau County Legislature, and County of Nassau which were for summary judgment dismissing the first and second causes of action and declaring that section 6-41.0 of the Nassau County Administrative Code is constitutional, is in favor of the plaintiff and against the defendants Laura Curran, David F. Moog, Beaumont Jefferson, Nassau County Department of Assessment, Nassau County Legislature, and County of Nassau declaring that section 6-41.0 of the Nassau County Administrative Code is unconstitutional and directing those defendants to hold the monies collected pursuant to section 6-41.0 of the Nassau County Administrative Code for the 2016/2017 and 2017/2018 tax years in a segregated, interest-bearing account pending further order of the court. The appeal by the defendant Hicksville Union Free School District was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the judgment is reversed insofar as appealed from by the defendants Laura Curran, David F. Moog, Beaumont Jefferson, Nassau County Department of Assessment, Nassau County Legislature, and County of Nassau, on the law, with costs, those branches of those [*2]defendants' cross-motion which were for summary judgment dismissing the first and second causes of action and declaring that section 6-41.0 of the Nassau County Administrative Code is constitutional are granted, those branches of the plaintiff's motion which were, in effect, for summary judgment on the first and second causes of action and declaring that section 6-41.0 of the Nassau County Administrative Code is unconstitutional are denied, the order entered April 22, 2020, is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an amended judgment consistent herewith.
In November 2014, Nassau County Administrative Code § 6-41.0 (hereinafter the DAF law) was enacted to address the Nassau County Guaranty by creating a disputed assessment fund (see Nassau County Administrative Code § 6-26.0[b][3][c]). The DAF law, in relevant part, provided that Class Four taxpayers, as defined by RPTL 1802(1), who contest their real property assessment pursuant to RPTL article 7, title 1 and contend that their property was overassessed in an amount greater than 10%, would be taxed an additional amount (hereinafter the DAF charge) (see Nassau County Administrative Code § 6-41.0[a]-[c]). The DAF charge is calculated by "subtracting the assessment on the tax roll upon which taxes were levied and extended from the property's assessment on the final assessment roll with the difference then multiplied by the tax rates applied to the assessment on the tax roll upon which taxes were levied and extend[ed]" (id. § 6-41.0[b]). The DAF law also granted the Nassau County Assessor (hereinafter the Assessor) the ability to, "in his or her discretion based on reasonable evidence" and upon determining "that it is in the best interest of the county," to "levy and extend taxes based on a claimed reduction greater than ten percent such that taxes shall be levied and extended based on such reduced assessment" (id. § 6-41.0[a]).
The plaintiff is the owner of certain real property located in Hicksville. At all relevant times, the plaintiff's property was classified as a Class Four property. In or around April 2017, the plaintiff filed a petition pursuant to RPTL article 7, title 1, asserting that the property was overassessed for the 2017/2018 tax year.
In September 2018, the plaintiff commenced this action against the defendants Laura Curran, David F. Moog, Beaumont Jefferson, Nassau County Department of Assessment, Nassau County Legislature, and County of Nassau (hereinafter collectively the defendants), among others, inter alia, for a judgment declaring that the DAF law is unconstitutional. In the first cause of action, the plaintiff alleged that the DAF law violated Article XVI, Section 1 of the New York State Constitution and was unconstitutional because it improperly delegated the taxing power to the Assessor. In the second cause of action, the plaintiff alleged that the DAF law was unconstitutional because it delegated the taxing power to Class Four taxpayers, who, upon filing a petition pursuant to RPTL article 7, could influence the tax rate for the entire class.
In January 2020, the plaintiff moved, inter alia, in effect, for summary judgment on the first and second causes of action and for a judgment declaring that the DAF law is unconstitutional. The defendants opposed the motion and cross-moved, among other things, for summary judgment dismissing the first and second causes of action and declaring that the DAF law is constitutional. In an order entered April 22, 2020, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were, in effect, for summary judgment on the first and second causes of action, determining that the DAF law was an unconstitutional delegation of the taxing power to the Assessor and to Class Four taxpayers, and denied those branches of the defendants' cross-motion which were for summary judgment dismissing the first and second causes of action. In a judgment entered July 22, 2021, the court, among other things, declared that the DAF law is unconstitutional and directed the defendants to hold the funds received pursuant to the DAF law in a segregated, interest-bearing account pending further order of the court. The defendants appeal.
The Supreme Court improperly granted that branch of the plaintiff's motion which was, in effect, for summary judgment on the first cause of action, and should have granted that branch of the defendants' cross-motion as related to the first cause of action. The Nassau County Charter provides that the Assessor is "appointed by the County Executive, subject to confirmation [*3]by the County Legislature, for a term of three years" (id. § 601[a]). Moreover, the Assessor is granted the power to "adopt such rules and regulations as will establish an equitable and scientific system of assessing property for taxation" (id. § 603[a]). The provisions of the Nassau County Charter "constitute an express and unambiguous delegation of the authority to make and prepare real property tax assessments from the State Legislature to Nassau County in accordance with the NY Constitution" (Boening v Nassau County Dept. of Assessment, 157 AD3d 757, 764).
Here, the DAF law explicitly granted the Assessor the power to base the DAF charge on a reduced assessment value where a Class Four taxpayer challenges their real property assessment pursuant to Article 7, Title 1 of the Real Property Tax Law (see Nassau County Administrative Code § 6-41.0[a]). The DAF law provides that the Assessor may exercise "his or her discretion based on reasonable evidence [and] determines that it is in the best interest of the county" when making this determination (id.). Accordingly, this was a constitutional delegation of the taxing power to the Assessor (see Nassau County Charter § 603[a]). Furthermore, there were reasonable safeguards in place in the DAF law with which the Assessor had to comply. The DAF law states that the Assessor must make the determination to reduce the assessment "in his or her discretion based on reasonable evidence" and upon finding that such a reduction would be "in the best interest of the county" (Nassau County Administrative Code § 6-41.0[a]). It also provides that the reduced assessment must be between 10% and 90% of the original assessment (see id.). Thus, while not providing detailed guidelines for the Assessor to follow, the DAF law included reasonable safeguards and standards for the Assessor to use in making his or her determination regarding the reduced assessment (see Matter of Levine v Whalen, 39 NY2d 510, 515; LaValle v Hayden, 282 AD2d 716, 717, affd 98 NY2d 155; Town of E. Hampton v Cuomo, 179 AD2d 337, 348).
The Supreme Court improperly granted that branch of the plaintiff's motion which was, in effect, for summary judgment on the second cause of action, and should have granted that branch of the defendants' cross-motion as related to the second cause of action. The plaintiff contended that the DAF law unconstitutionally delegated the taxing power to Class Four taxpayers because, upon the commencement of a proceeding pursuant to RPTL article 7, title 1, the taxpayers would affect the tax rate for the entire class. However, nothing in the DAF law explicitly grants the power to change the tax rate to Class Four taxpayers (see Nassau County Administrative Code § 6-41.0[a]-[f]). Moreover, the legislative hearing on the DAF law established that Class Four taxpayers are only required to pay into the DAF fund if they have not settled their disputed assessment, and that the tax rate remains the same for all members of Class Four whether or not they commence a proceeding to contest their assessment. Thus, the DAF law did not expressly delegate the taxing power to the unelected Class Four taxpayers in violation of the New York State Constitution (cf. Greater Poughkeepsie Lib. Dist. v Town of Poughkeepsie, 81 NY2d 574, 582-583).
Accordingly, the Supreme Court should have granted those branches of the defendants' cross-motion which were for summary judgment dismissing the first and second causes of action and declaring that the DAF law is constitutional and should have denied those branches of the plaintiff's motion which were, in effect, for summary judgment on the first and second causes of action and declaring that the DAF law is unconstitutional. In light of our determination, we remit the matter to the Supreme Court, Nassau County, for the entry of an amended judgment, inter alia, declaring that the DAF law was constitutional (see Lanza v Wagner, 11 NY2d 317, 334).
BRATHWAITE NELSON, J.P., MILLER, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court